William L. Underwood, Jr., J.
The petitioner, Legal Aid Society of Suffolk County (“ Legal Aid ”) brings this article 78 proceeding in the nature of mandamus (CPLR 7803, subd. 1), on behalf of itself, to compel the Honorable Thomas V. Mallon, a Judge of the District Court of Suffolk County, who is made a respondent in this proceeding, and all other Judges of the District Court of Suffolk County, who are not named as corespondents, to furnish the petitioner with a copy of the “ Arrest Record ” (Form 1085) of two defendants named in the petition, and the arrest records of all defendants to be represented by the petitioner in the future.
. The petition, to the extent that it seeks to compel all of the Judges of the District Court of Suffolk County to furnish the arrest records of all future defendants represented by the petitioner, is jurisdictionally defective upon its face. The petitioner has failed to join all of the Judges as party respondents.
The general object of a proceeding against a body or officer is to obtain a final order which will contain directives as to its, or his, future conduct. This is distinctly the purpose of proceedings both in the nature of mandamus, prohibition, and even in cases of certiorari to review, where an order laying out a line of conduct is sought. “ Consequently, the person whose conduct is to be controlled must be made a respondent, and is an indispensable party to the proceeding^” (24 Carmody-Wait 2d, New York Practice, § 145:265, p. 64.)
At this juncture, the court dismisses the petition to the extent that it seeks mandatory relief against all of the Judges of the District Court of Suffolk County.
Thus narrowed, the court will consider the merits of the petition to the extent that it seeks to compel Judge Mallon to furnish Legal Aid with the arrest records of the two defendants named in the petition, furnished by the Suffolk County Police Department.
The prohibition against reviewing a determination in a criminal matter (CPLR 7801, subd. 2) does not deprive the court of the power to compel the performance of an act which, although it concerns a criminal case, does not constitute a review of determination therein. The determining factors in the granting of mandamus against a Judge are whether the judgment requires him to perform an act required by law, or whether it directs him in a matter lying within his discretion (Finnerty v. McDowell, 36 A D 2d 900).
The Supreme Court will not, in general, interfere upon mandamus with that portion of the practice of inferior courts which does not depend upon established principles, or is not regulated *457 by fixed rules, nor will mandamus lie to control an inferior court on a question which depends upon its rules of practice.
Applying the foregoing maxims here, the real and only question to be determined in this proceeding is whether or not Judge Mallox, as a matter of law, was required to furnish to the petitioner a copy of the “ Arrest Record ” of each of the two defendants prior to their arraignments on June 5, 1973.
The thrust of petitioner’s contention is that unless a copy of a defendant’s arrest record is made available to him prior to arraignment, there results a deprivation of constitutional due process and the right to be confronted ‘ ‘ with the witness against him
It must first be noted that records of police and law departments are ordinarily excluded from public scrutiny in order to safeguard against misuse or inappropriate dissemination (see Matter of Chambers v. Kent, 201 N. Y. S. 2d 439, 441; Executive Law, § 837, subd. 8).
The constitutional arguments advanced by the petitioner in this proceeding have been rejected by the courts in situations which are closely analogous to the matters presented here.
In Williams v. New York (337 U. S. 241, 243, affg. 298 N. Y. 803, 804), the United States Supreme Court held that due process of law was not denied the appellant by the trial court’s use of a probation report “ based upon information supplied by witnesses with whom the accused had not been confronted and as to whom he had no opportunity for cross-examination or rebuttal ”. Of greater significance still, is the Supreme Court’s reference (p. 244) to statements made by the trial court, based upon the probation report before it, of * ‘ thirty other burglaries in and about the same vicinity ” none of which were based on convictions of the defendant, defendant’s “ morbid sexuality ” and the report’s classification of defendant as a “ menace to society.” Here, in rejecting defendant’s assertions, that his constitutional rights were violated because he was not furnished with a copy of the report, the court clearly distinguished between due process as it relates to the trial and determination of defendant’s guilt, and due process as it relates to the sentencing procedure.
Expressing this rationale with specificity, and applying it to the proceedings at bar, this court holds that neither the Fourteenth Amendment of the Constitution (“ nor shall any State deprive any person of life, liberty, or property, without due process of law”) nor the Sixth Amendment (“In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * * to be confronted with the witnesses *458 against him”) was violated by the refusal of Honorable Thomas V. Mallow, as a Judge of the District Court of Suffolk County, to furnish the petitioner with the contents of the “ Arrest Reports ” of the two defendants named in the petition, at the time of arraignment.
Whether or not Judge Mallow saw fit to divulge the contents of the “ Arrest Report ” submitted to him by the Suffolk County Police Department, or to give or ‘ ‘ lend ’ ’ a copy of it to the petitioner, was a matter resting within the sound exercise of Judge Mallow’s discretion, and which he was not obliged to do, as a matter of law.
With respect to the remaining respondents, there is no showing or contention made by petitioner, that it is entitled to receive arrest records from any one of them.
The petitioner having failed to demonstrate that it is legally entitled to the relief sought, the petition is dismissed upon the merits (CPLR 7806).