▇ In the Matter of the LEGAL AID SOCIETY OF SUFFOLK COUNTY, Appellant, v. THOMAS V. MALLON, as Judge of the District Court of Suffolk County, et al., Respondents.— In a proceeding pursuant to CPLR article 78 to direct respondents to furnish petitioner with (1) the arrest record (Suffolk County Police Department Form 1085) of defendants in criminal cases represented by petitioner, prior to their arraignment, and (2) records maintained by respondent State Division of Criminal Justice Services, upon petitioner's request therefor, petitioner appeals from a judgment of the Supreme Court*, Suffolk County, entered January 30, 1974, which dismissed the petition upon the merits. Judgment modified, on the law, by adding to the decretal paragraph thereof, immediately after the words "dismissed upon the merits", the following: "except that it is granted to the extent of directing respondent THOMAS V. MALLON, as a Judge of the District Court of Suffolk County, to furnish petitioner with a copy of the prior criminal records of the two defendants named in the amended petition." As so modified, judgment affirmed, without costs. Prior to the arraignment of two of its clients, petitioner, the Legal Aid Society of Suffolk County, made an application before respondent Thomas V. Mallon, a Judge of the District Court, Suffolk County, to be furnished with copies of said clients' previous criminal records, commonly referred to as arrest records ("rap sheets"). Upon denial of its application, petitioner commenced this proceeding in the nature of mandamus to compel respondents to provide it with the arrest records of all its clients in criminal cases. Special Term dismissed the petition on the merits. The Court of Appeals and this court have recommended the use of pretrial motions to limit the prosecution's reference, in cross-examination impeachment of defendants, to prior specific criminal vicious and immoral acts (*People* v. *Sandoval*, 34 N Y 2d 371; *People* v. *Duffy,* 44 A D 2d 298). Without a copy of its clients' arrest records, petitioner will be restricted in its use of this procedure. We note the adoption by the Administrative Board of the Judicial Conference of a new rule, effective immediately, requiring that in all criminal actions, whenever the court receives a copy of the report of a defendant's previous criminal record prepared by a law enforcement agency, the court shall give a copy of the report to defense counsel or, if counsel has been waived, to defendant (22 NYCRR 20.14). Gulotta, P. J., Hopkins, Cohalan, Christ and Munder, JJ., concur. [76 Misc 2d 455.]

▇ In the Matter of FLORENCE SILVERMAN, Respondent, v. ABE SILVERMAN, Appellant.— In a support proceeding, the appeal is from an order of the Family Court, Queens County, dated March 11, 1974, which ordered appellant to pay $125 per week beginning March 15, 1974, for the support of petitioner and infant child of the parties. The appeal also brings up for review so much of an order of the same court dated April 25, 1974, as, upon reargument, adhered to the prior determination (CPLR 5517, subd. [b]). Appeal from order dated March 11, 1974 dismissed, as academic, without costs. This order was superseded by the order granting reargument. Order dated April 25, 1974 modified by reducing the award of support to $100 per week. As so modified, order affirmed insofar as reviewed, without costs. The award was excessive to the extent indicated herein. Gulotta, P. J., Hopkins, Cohalan, Christ and Munder, JJ., concur.

---

* Although the judgment, on its face, purports to have been made by the County Court, Suffolk County, this is apparently an error as it is signed by Mr. Justice Underwood of the Supreme Court and was recorded by the Clerk of Suffolk County; the memorandum decision shows that the decision was rendered at the Supreme Court; and the notice of appeal states that it is a judgment of the Supreme Court.