OPINION OF THE COURT
Roger J. Miner, J.
In this motion to dismiss the petition in point of law respondent contends that he is an improper party and that the notice of petition and petition were not properly served upon him in any event.
It appears that petitioner is seeking judicial review of a determination made by the Freshwater Wetlands Appeal Board (Board) on July 10, 1978 and filed in the office of the Ulster County Clerk on August 18, 1978. Petitioners object to the finding of the Board that their lands in the Town of Saugerties are subject to the Freshwater Wetlands Act. (ECL art 24.)
In asserting that the Commissioner of Environmental Conservation is the proper respondent in this proceeding petition *57 ers make the following contentions: that the Freshwater Wetlands Act is part of the Environmental Conservation Law; that the act "forms only a portion of the policy relating to said department of environmental conservation, its functions, powers and duties”; that respondent "has total jurisdiction and control over all subdivisions and departments within the purview of the environmental conservation law”; and that the respondent has certain authority relating to the enforcement of the Freshwater Wetlands Act.
The Board is an independent body created in the office of the Department of Environmental Conservation. (ECL 24-1101, subd 1.) Respondent is authorized to appoint two of the five members of the Board. (ECL 24-1101, subd 2.) However, respondent specifically is prohibited, by statute, from supervising, directing or controlling the Board or any of its members in the performance of their duties. (ECL 24-1101, subd 6.) The statute establishing the Board permits judicial review of any determination, decision or order of the Board, pursuant to the provisions of CPLR article 78. (ECL 24-1105, subd 2.) It is clear that respondent is bound by a determination of the Board, except as modified or reversed by court order. (ECL 24-1103 [last par].)
It is apparent from the foregoing that the Board is the proper respondent and a necessary party in this proceeding. In any proceeding for review pursuant to CPLR article 78 the respondent must be the body or officer making the determination by which the petitioner is aggrieved. (24 Carmody-Wait 2d, NY Prac, §§ 145:264, 145:265.) The body or officer referred to includes any board whose action may be affected by the proceeding. (CPLR 7802, subd [a].) No action by respondent is affected by the proceeding at bar and the petitioners are not aggrieved by any determination made by respondent.
Motion granted.