■ In the Matter of PETER F. COHALAN, as County Executive of the County of Suffolk et al., Respondents, v JOSEPH R. CAPUTO, as Comptroller of the County of Suffolk, Appellant. — In a proceeding pursuant to CPLR article 78 to compel the Comptroller of the County of Suffolk to process a purchase requisition for certain police vehicles and encumber funds which have been appropriated for that purchase, he appeals from a judgment of the Supreme Court, Suffolk County (Geiler, J.), dated April 18, 1983, which granted the application. Judgment affirmed, without costs or disbursements. Appellant, Comptroller of the County of Suffolk, does not have the power or authority to refuse to encumber money which has been appropriated by the county legislature and approved to be expended by the county executive merely because he believes that the items for which he was directed to encumber money are unnecessary. Section 577 of the County Law sets out the powers and duties of a county comptroller and provides in relevant part that: "1. The county comptroller shall: (a) have general superintendence over the fiscal affairs of the county". Article V of the Suffolk County Charter establishes the office of the Suffolk County Comptroller. Section 502 defines his powers and duties as follows: "Section 502. Powers and duties of the comptroller. The county comptroller shall: (1) Except as otherwise expressly provided in this chapter, have all the powers and perform all the duties conferred or imposed upon a county comptroller or the chief fiscal officer of a county under the county law; (2) Examine, audit and verify all books, records and accounts kept by the various administrative units, departments, offices or officials paid from county funds, institutions and other agencies of the county, including bond and note registers and trust accounts, and the accrual and collection of all county revenues and receipts, and for this purpose have access to all such books, records and accounts at anytime; (3) Prescribe the form of receipts, vouchers, bills or claims to be filed by all departments, institutions, offices and agencies of the county; (4) *Examine and approve for payment all contracts, purchase orders, and other documents by which the county incurs financial obligations, having ascertained before approval that moneys have been duly appropriated or provided for and allotted to meet such obligations and will be available when such obligations shall have become due and payable, and record such obligations and encumbrances of the respective appropriations from which such obligations are to be paid;* (Emphasis added.) (5) *Audit and approve all bills, invoices, payrolls and other evidences of claims, demands, or charges against the county or any county district, and determine the regularity, legality and correctness of the same;* (Emphasis added.) (6) Submit monthly reports to the board of supervisors in such form and detail and at such other times as may be prescribed by the board of supervisors; (7) Be the auditing authority of the county; (8) Prescribe such methods of accounting for the county and other units of the local government of the county as he may deem necessary, provided the same shall have been approved by the county executive and the state comptroller; (9) Perform such other duties pertaining to the financial affairs of the county as may be directed by the board of supervisors, the county executive or by any law or by any fiscal officers of the state authorized to do by law." Appellant does not contend that the acquisition of the police vehicles would be irregular, illegal or incorrect; and there is no provision in the County Law or the Suffolk County Charter empowering him to refuse to expend appropriated funds on any other grounds such as lack of "need". In fact, appellant is not even given a say in the formulation of the budget. Article IV of the Suffolk County Charter sets out the procedure for the preparation, adoption, and implementation of the county budget and names the county executive, who is the chief budget officer of the county, and the county legislators as the officials who take part in the

budgetary process. Article IV makes no mention of the comptroller and article V, which establishes the office of the Suffolk County Comptroller, makes no mention of the budget. Thus, the comptroller has no policy making role with regard to budgetary matters. After the comptroller receives a requisition for which the Legislature has appropriated money and which has been approved by the county executive, and after he has determined the regularity, legality and correctness of the requisition, he has no alternative but to encumber the funds and forward the acquisition to the proper vendor (Suffolk County Charter, § 502, subds [4], [5]). Appellant's duty in this situation is ministerial, since he does not have any discretion; and an article 78 proceeding in the nature of mandamus is an appropriate remedy to compel the performance of a statutory duty that is ministerial in nature (*Matter of Peirez v Caso,* 72 AD2d 797; *Matter of Bay Ridge Diagnostic & Analytical Lab. v Smith,* 71 AD2d 889). Therefore, Special Term acted properly when it ordered appellant to forward the requisition to the vendor and encumber the appropriated funds. Mollen, P. J., Titone, Bracken and Brown, JJ., concur.