■ GERTRUDE KEOGH et al., Appellants, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents.—In a proceeding

pursuant to CPLR article 78 to review a determination of the respondent New York State Department of Health, dated January 11, 1985, which conditionally approved the application of the respondent Planned Parenthood of Westchester, Inc., for permission to operate a first-trimester abortion clinic, to compel the respondent New York State Department of Health to enforce existing licensing and registration requirements relating to abortion clinics and to enjoin the further operation of all abortion clinics determined to be members of a proposed respondent class, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Palella, J.), dated August 21, 1985, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The court correctly dismissed the proceeding with respect to the respondent New York State Department of Health, since the court never acquired jurisdiction over that respondent *(see,* CPLR 3211 [a] [8]; 7804 [f]). The petitioners commenced their proceeding by service of a notice of petition and petition upon an Assistant Attorney-General at an office of the Attorney-General in Albany. In order to obtain jurisdiction over the New York State Department of Health, the petitioners were required to serve the Commissioner of the New York State Department of Health. Their service of the petition on an Assistant Attorney-General does not constitute service on the proper official *(see, Matter of Sanella v Regan,* 111 AD2d 964; *Matter of Brady v Coughlin,* 111 AD2d 539; *Bonaventure v New York State Thruway Auth.,* 108 AD2d 1002; *see also, Matter of Quogue Assocs. v New York State Dept. of Envtl. Conservation,* 112 AD2d 999; *Matter of Chem-Trol Pollution Servs. v Ingraham,* 42 AD2d 192). Accordingly, jurisdiction was never acquired over the proper party.

The absence of the New York State Department of Health from this proceeding requires that the proceeding be dismissed with respect to the remaining respondents as well. Given the nature of the relief sought by the petitioners, the New York State Department of Health is an indispensable party, in whose absence no effective judgment may be made (CPLR 1001 [b] [5]; 1003).

Accordingly, the court properly dismissed the proceeding and the judgment under review is therefore affirmed. Lawrence, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.