■ REGO PARK NURSING HOME, Appellant, v STATE OF NEW YORK, DEPARTMENT OF HEALTH/BUREAU OF RESIDENTIAL HEALTH CARE FACILITY REIMBURSEMENT, et al., Respondents.— In a proceeding pursuant to CPLR article 78 to review a determination by the respondents dated July 19, 1988, which denied the petitioner's application for a revision in the Medicaid reimbursement rate, the petitioner appeals from a judgment of the Supreme Court, Queens County (Levine, J.), dated May 2, 1989, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The rate at which the petitioner, a nursing home, receives payment for Medicaid patients is determined by the Commissioner of Health of the State of New York (hereinafter the Commissioner), pursuant to Public Health Law § 2807, in accordance with the guidelines set forth in 10 NYCRR subpart 86-2 (see, Matter of Bethany Nursing Home & Health Related Facility v Axelrod, 106 AD2d 809). The petitioner applied for an upward revision of the Medicaid reimbursement rate for the years 1983-1985 based upon a purported increase in its

pharmacy costs. The application was denied after staff review and, thereafter, the petitioner's request for a hearing was denied by a rate review officer of the respondent New York State Department of Health. The petitioner then commenced this proceeding, pursuant to CPLR article 78, to review and set aside the agency's determination that an increase in the reimbursement rate was not warranted as arbitrary and capricious.

Given the nature of the relief sought by the petitioner, the Commissioner (see, Public Health Law § 200) is an indispensable party to this proceeding, since a determination of the petitioner's proper reimbursement rate is ultimately the function of the Commissioner (see, Public Health Law § 2807 [2] [b]; [3]; 10 NYCRR 86-2.14 [a], [b] [3]; Matter of Brookdale Hosp. Med. Center v Axelrod, 120 AD2d 144, 148; Matter of Bethany Nursing Home & Health Related Facility v Axelrod, supra). No effective judgment may be made in the Commissioner's absence. Consequently, the Commissioner of Health had to be named a party respondent and served with the notice of petition and the petition (CPLR 7804 [c]; see, Matter of Aroune v Sipprell, 36 AD2d 888, affd 33 NY2d 844; Matter of Legal Aid Socy. v Mallon, 76 Misc 2d 455, 456, mod on other grounds 47 AD2d 646; 24 Carmody-Wait 2d, NY Prac § 145:265, at 64; see generally, 73A CJS, Public Administrative Law & Proceedings, § 193). The service of the notice and petition on the Attorney-General and an employee of the Department of Health, who had not been designated pursuant to CPLR 307 (2) to receive service of process on behalf of the Commissioner of Health or the State agency, does not constitute service on the proper official (see, Keogh v New York State Dept. of Health, 128 AD2d 841; Matter of Cox v Axelrod, 136 Misc 2d 918; Matter of Patchogue Scrap Iron & Metal Co. v Ingraham, 57 Misc 2d 290). Accordingly, jurisdiction was never acquired over the proper party, requiring the dismissal of the proceeding (Keogh v New York State Dept. of Health, supra). Rubin, J. P., Balletta, Rosenblatt and Miller, JJ., concur.