[622 NYS2d 382]

In the Matter of Sole To Sole, Inc., et al., Petitioners, v State Tax Commission, Respondent.

Third Department, February 9, 1995

## APPEARANCES OF COUNSEL

*Leonard B. Austin, P. C.,* Huntington Station *(Joy Woda Schneider* of counsel), for petitioners.

*Dennis C. Vacco, Attorney-General,* Albany *(Denise A. Hartman* and *Nancy A. Spiegel* of counsel), for respondent.

## OPINION OF THE COURT

WHITE, J.

An audit conducted by the Department of Taxation and Finance in 1988 revealed that, between December 1, 1984 and May 31, 1985, petitioner Sole to Sole, Inc. received $747,627 from sales of prescription orthopedic shoes to Medicaid recipients. Because Sole to Sole failed to remit the sales taxes due on this sum, the Department issued a notice of determination and demand for payment of sales and use taxes due to Sole to Sole and petitioner Robin Longmate, Sole to Sole's president, seeking $88,674.94 in past due sales tax, penalties and interest.[1] Petitioners' request for administrative relief was denied by both the Administrative Law Judge and the Tax Appeals Tribunal. This CPLR article 78 proceeding ensued.

Initially, we shall consider respondent's first objection in point of law, which is that this proceeding should be dismissed due to petitioners' failure to include the Tribunal as a respondent in this proceeding. In any proceeding for review pursuant to CPLR article 78, the respondent must be the body or officer making the determination from which the petitioner seeks relief *(see, Matter of Helgar Realty Corp. v Commissioner of Envtl. Conservation,* 98 Misc 2d 56, *affd* 75 AD2d 1025). Consistent with this principle, Tax Law § 2016 requires a petitioner to designate the Tribunal and the Commissioner of Taxation and Finance as respondents.

Here, it is undisputed that petitioners only attempted to effectuate service upon the State Tax Commission, an entity

---

1. Longmate and his partner were indicted for Medicaid fraud in 1985 and subsequently entered guilty pleas.

that no longer exists.[2] Citing Tax Law § 2 (1), §§ 177 and 2026, petitioners contend that they did effectuate service upon the Tribunal because these statutes define the term "state tax commission" to encompass the Tribunal. This argument lacks merit because the cited statutes are amendatory acts whose sole purpose was to conform the existing provisions of the Tax Law to the amendments of that law enacted by the Legislature in 1986 (see, L 1986, ch 282; see also, McKinney's Cons Laws of NY, Book 1, Statutes § 368). Thus, these statutes have no relevance to Tax Law § 2016 since this section was also part of the amendatory legislation enacted in 1986.

Whether petitioners' failure to include the Tribunal as a respondent is a fatal defect depends upon whether the Tribunal received actual notice of the commencement of this proceeding and whether any of its substantial rights would be prejudiced if petitioners' omission is overlooked (see, Matter of Great E. Mall v Condon, 36 NY2d 544, 548). The case of Matter of Great E. Mall v Condon involved RPTL 704 (2), which specifies that a tax certiorari proceeding must be maintained against the assessors either by naming them individually or by using the name of the assessing unit, which in Great E. Mall was the Town of Victor in Ontario County (supra, at 547). The petitioner therein did not comply with RPTL 704 (2) as it did not designate the Town of Victor as a respondent and only served one of three assessors. The Court of Appeals did not dismiss the proceeding, however, finding that since the petitions were served upon the deputy town clerk as required by statute and named one assessor, the service was sufficient to give notice to the other assessors and the Town (supra, at 549).

The propinquity between the entity served and the entity that should have been served that was present in Great E. Mall (supra) is not present here. When the Legislature created the Tribunal in 1986 it specifically provided that its powers, functions, duties and obligations were to be separate from and independent of the authority of the Commissioner (see, Tax Law § 2002). Thus, since the Tribunal is an autonomous body not subject to the control of the Commissioner or any agency

---

2. Naming the State Tax Commission as respondent can be considered a mere irregularity and overlooked since service of the notice of petition and petition was made at the Commissioner's office and it is obvious from the documents that were served that he was the entity petitioners intended to serve (see, CPLR 2001). Therefore, we find that petitioners effectuated service upon the Commissioner.

within the Department, we conclude that service upon the Commissioner did not provide the Tribunal with notice of this proceeding. We reached a similar result in *Matter of Dawn Joy Fashions v Commissioner of Labor of State of N. Y.* (181 AD2d 968), where we held that service upon the Industrial Board of Appeals was not sufficient to effect service upon the Commissioner of Labor since it was an independent entity not subject to the control or supervision of the Commissioner of Labor. Accordingly, we shall dismiss the petition for failure to acquire jurisdiction over a necessary party *(see, Rego Park Nursing Home v State of New York, Dept. of Health,* 160 AD2d 923, *affd* 77 NY2d 942; *Keogh v New York State Dept. of Health,* 128 AD2d 841; *compare, Matter of Oliver C. v Weissman,* 203 AD2d 458).

MIKOLL, J. P., MERCURE, CASEY and YESAWICH JR., JJ., concur.

Adjudged that the petition is dismissed, without costs.