■ In the Matter of RITA DOOLITTLE, Respondent, v COUNTY OF BROOME et al., Appellants. [632 NYS2d 236] —Yesawich Jr., J. Appeals (1) from a judgment of the Supreme Court (Monserrate, J.), entered October 31, 1994 in Broome County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to conduct a hearing to determine petitioner's eligibility for benefits under General Municipal Law § 207-c, and (2) from an order of said court, entered November 28, 1994 in Broome County, which denied respondents' motion to settle the appellate record.

In 1988, petitioner, then employed as a correction officer by respondent County of Broome, commenced a Federal court action charging respondents and others with sex discrimination and harassment in connection with her employment. In March 1989, she allegedly suffered a nervous breakdown while on the

job, as a result of continued and escalating harassment and discrimination. Purportedly unable to return to work, petitioner filed a claim for workers' compensation benefits, which the County controverted. Hearings were scheduled but repeatedly adjourned, and on April 9, 1992, when neither petitioner nor her attorneys (who were apparently recovering from injuries sustained in a motor vehicle accident) appeared at a scheduled hearing, the matter was closed without any determination being made pending a further request for a hearing by petitioner.

As was its custom, the County treated petitioner's workers' compensation claim as a request for benefits under General Municipal Law § 207-c as well. In March 1991, upon being notified that her General Municipal Law § 207-c claim was also controverted, petitioner sought a hearing, in accordance with the procedure established by the County, by local law, for doing so (Local Laws, 1983, No. 15 of County of Broome § 60-15). That hearing, originally scheduled for July 17, 1991, was adjourned at petitioner's behest. In September 1993, petitioner requested an update on the status of her General Municipal Law § 207-c claim. Receiving no response, she again asked that a hearing be scheduled. Though initially told that a hearing would be held, petitioner was informed shortly thereafter that no action would be taken on her General Municipal Law § 207-c claim but that, in conformity with the County's "custom and practice", the matter would be deferred pending the outcome of her workers' compensation claim.

Petitioner then commenced this CPLR article 78 proceeding, seeking to compel the County to conduct a hearing to determine her eligibility for General Municipal Law § 207-c benefits. Supreme Court granted the petition and these appeals, from the resulting judgment and a subsequent order denying respondents' motion to "correct" the appellate record by adding two items, ensued.

At the outset, we find the denial of respondents' motion to supplement the record to have been proper, for the documents at issue are not necessary, or germane, to the questions on appeal. Moreover, they were not relied upon by Supreme Court in reaching its decision. Nor are we persuaded that petitioner's medical records are relevant to respondents' defense of laches.

As for the underlying judgment granting the hearing petitioner seeks, an affirmance is likewise in order. Having enacted a local law explicitly intended to serve as "the exclusive method used in administering" General Municipal Law § 207-c benefits, respondents are bound by its terms, which

provide that "[u]pon timely service of a written demand * * * a hearing before a Hearing Officer shall be scheduled as soon as practicable" (Local Laws, 1983, No. 15 of County of Broome § 60-15 [A]), and that the Hearing Officer "shall be an impartial person appointed by the County Executive" (Local Laws, 1983, No. 15 of County of Broome § 60-15 [B]). This law gives petitioner a "clear legal right" to the hearing she desires and affords ample basis for Supreme Court's judgment compelling respondents to furnish one (cf., Matter of New York Pub. Interest Research Group v Dinkins, 83 NY2d 377, 386; Matter of Cohalan v Caputo, 94 AD2d 742). Insofar as respondents argue that they cannot be required to act on petitioner's claim because the decision whether to award benefits pursuant to General Municipal Law § 207-c is a matter committed to the County's discretion, it suffices to note that this argument confuses Supreme Court's direction to act—perfectly appropriate under the present circumstances—with a direction to reach a particular result, which would be inappropriate (see, Klostermann v Cuomo, 61 NY2d 525, 539-540; Matter of Kupersmith v Public Health Council, 101 AD2d 918, 919, affd 63 NY2d 904).

Nor are we favorably disposed to respondents' assertions that the County discharged its duty to petitioner by affording her a workers' compensation hearing, effectively "designating" the Workers' Compensation Law Judge (hereinafter WCLJ) as Hearing Officer to rule on the merits of her General Municipal Law § 207-c claim, or that the petition should be denied due to petitioner's delay in pursuing her rights. Regarding the former, the proposed "remedy" neither meets the technical requirements of the local law—the WCLJ is not "appointed by the County Executive" but by the Workers' Compensation Board—nor could it obtain for petitioner the substantive result she seeks, for even if petitioner were to succeed in proving entitlement to General Municipal Law § 207-c benefits, the WCLJ has no authority to award them.

Respondents' laches defense is also unavailing. Although unexcused delay may be enough, as respondents suggest, to preclude recovery, even where there is no apparent prejudice (see, Matter of Sheerin v New York Fire Dept., 46 NY2d 488, 495-496), the fact is that petitioner, having initially been granted a hearing, had little reason to believe that one would not ultimately be provided. Moreover, her delayed request for a hearing was due in part to matters beyond her control. In these circumstances, Supreme Court cannot be faulted for granting the instant petition.

Mercure, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the judgment and order are affirmed, with costs.