■ In the Matter of Rodney Boomer, Appellant, v Hans Walker as Superintendent of Auburn Correctional Facility, Respondent. [661 NYS2d 884] —Appeal from a judgment of the Supreme Court (Torraca, J.), entered August 14, 1996 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition as untimely.

Petitioner, a State prison inmate, commenced this CPLR article 78 proceeding challenging a November 8, 1995 determination finding him guilty of violating certain prison disciplinary rules. Respondent moved to dismiss the petition on the grounds that no personal jurisdiction had been acquired over him and the proceeding was not timely commenced. Supreme Court granted the motion and dismissed the proceeding as untimely. Petitioner appeals.

Initially, respondent concedes, and our review of the record confirms, that Supreme Court erred in dismissing the proceeding as untimely inasmuch as the original signed order to show cause was filed February 23, 1996, which is within the four-month Statute of Limitations period (*see,* CPLR 217). Nevertheless, the petition was properly dismissed. Petitioner served respondent with an unexecuted copy of an order to show cause, which has no legal effect (*see, Matter of Fry v Village of Tarrytown,* 89 NY2d 714, 717). Although procedural requirements may be relaxed in cases where imprisonment creates an obsta-

cle to service that is beyond an inmate's power to control (*see, Matter of Joshua v Commissioner of Dept. of Correctional Servs.*, 240 AD2d 797; *Matter of Marsalona v Coombe*, 234 AD2d 841), we find petitioner's contention that the lack of photocopying funds prevented proper service of the executed order to show cause, raised for the first time on appeal, to be noncompelling (*see, Matter of Martinez v Coombe*, 234 AD2d 825; *Matter of Gittens v Selsky*, 193 AD2d 986, 987). Consequently, we conclude that personal jurisdiction was not obtained over respondent and the petition was properly dismissed.

Crew III, J. P., White, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.