■ In the Matter of SHAWN MONCRIEFFE, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, et al., Respondents. [671 NYS2d 567] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Greene County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

While an inmate at Coxsackie Correctional Facility in Greene County, petitioner was charged with and found guilty of violating prison disciplinary rules prohibiting inmates from making threats, engaging in harassment, refusing a direct order and creating a disturbance. Following modification of the penalty upon administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the determination. Respondents moved to dismiss the proceeding for untimeliness, lack of personal jurisdiction and failure to exhaust administrative remedies. Supreme Court denied the motion and, subsequently, the matter was transferred to this Court.

Exercising our power to review the procedural claims as-

serted by respondents despite their failure to appeal from that portion of Supreme Court's order denying their motion to dismiss the petition (*see,* CPLR 7804 [g]; *Matter of Vito v Jorling,* 197 AD2d 822, 825, n), we find that petitioner's service of an unsigned order to show cause constitutes a jurisdictional defect requiring dismissal of the petition (*see, Matter of Boomer v Walker,* 242 AD2d 801). While service requirements may be relaxed where there is a sufficient showing that imprisonment presents obstacles beyond the inmate's control, we find petitioner's contention that limited access to the facility law library impeded his ability to research service requirements to be unavailing inasmuch as the proper method of service was outlined in the order to show cause. Absent a showing that he was otherwise prevented from satisfying service requirements, petitioner failed to obtain personal jurisdiction over respondents (*see, Matter of Hoyer v Coughlin,* 179 AD2d 921).

Nevertheless, were we to consider the merits, we would find petitioner's arguments that he was improperly denied access to the facility log book and that the determination is not supported by substantial evidence unpersuasive. The log book contained no information relevant to petitioner or the incident giving rise to the misbehavior report (*see, e.g., Matter of Watts v Coombe,* 235 AD2d 952, 953). The detailed misbehavior report, coupled with the corroborating testimony of the correction officer who prepared it, provides substantial evidence supporting the determination of guilt (*see, Matter of Mays v Goord,* 243 AD2d 882, 883). Finally, we have considered petitioner's claim of Hearing Officer bias and find it to be without merit.

White, Peters, Spain and Carpinello, JJ., concur. Ordered that the petition is dismissed, without costs, and motion granted.