■ In the Matter of HAROLD J. SHELL, JR., Appellant, v FRANK McCRAY, as Superintendent of Attica Correctional Facility, et al., Respondents. [690 NYS2d 305] —Appeal from a judgment of the Supreme Court (Hughes, J.), entered February 19, 1998 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as time barred.

Following a tier III hearing, petitioner was found guilty of violating certain prison disciplinary rules. Upon petitioner's administrative appeal, he was informed by decision dated June 19, 1997, that the charges were affirmed with a modification as to penalty. He subsequently commenced this CPLR article 78 proceeding. Respondents, however, moved to dismiss the petition on the ground that the proceeding was time barred. Supreme Court granted the motion and we affirm.

Supreme Court concluded that petitioner received notice of the adverse decision no later than June 21, 1997, triggering the four-month Statute of Limitations period within which to commence a CPLR article 78 review proceeding (*see, Matter of Biondo v New York State Bd. of Parole*, 60 NY2d 832, 834).* The subject proceeding, however, was not commenced until

---

* Supreme Court's ruling as to the date that petitioner was served a copy of this decision is supported by correspondence in the record indicating that

November 6, 1997 when the signed order to show cause was filed with the petition and supplemental petition in the Albany County Clerk's Office. Thus, we conclude that the proceeding was correctly dismissed by Supreme Court as untimely (*see, Matter of Hauver v New York State Div. of Parole*, 236 AD2d 751, *lv denied* 89 NY2d 815; *cf., Matter of Boomer v Walker*, 242 AD2d 801).

Petitioner's remaining arguments, including his claim that his failure to timely commence the proceeding was due to factors relating to his incarceration that were beyond his control (*see, Matter of Moncrieffe v Goord*, 249 AD2d 715, 716; *Matter of Boomer v Walker*, *supra*, at 801-802), have been examined and found to be unpersuasive or not properly before this Court.

Cardona, P. J., Mikoll, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

petitioner wrote a letter dated June 23, 1997, requesting the return of documents considered in the context of his unsuccessful administrative appeal.