■ In the Matter of JEROME MARCUS, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [696 NYS2d 101] —Appeal from a judgment of the Supreme Court (Cobb, J.), entered January 6, 1999 in Albany County, which, upon reconsideration, in a proceeding pursuant to CPLR article 78,

granted respondent's motion to dismiss the petition as time barred.

Petitioner received notice that his parole was finally revoked on October 13, 1997. Thereafter, on February 25, 1998, he filed an order to show cause in the Albany County Clerk's office commencing a CPLR article 78 proceeding to challenge this determination. Respondent thereafter moved to dismiss the petition as, *inter alia*, barred by the four-month Statute of Limitations (*see*, CPLR 217). Supreme Court initially denied the motion, crediting petitioner's claim that his failure to timely commence the proceeding was due to factors relating to his incarceration that were beyond his control.* Upon reargument, Supreme Court vacated its earlier decision, granted respondent's motion and dismissed the proceeding as untimely. This appeal followed.

We affirm. Upon review of the record, we find no reason to disturb Supreme Court's decision dismissing the proceeding as untimely. It is undisputed that petitioner commenced this proceeding beyond the four-month Statute of Limitations period (*see*, *Matter of Hauver v New York State Div. of Parole*, 236 AD2d 751, *lv denied* 89 NY2d 815). In addition, Supreme Court correctly found in its decision upon reconsideration that petitioner failed to demonstrate any specific conduct of respondent which prevented him from submitting his papers in a timely fashion (*see*, *Matter of Shell v McCray*, 261 AD2d 664; *Matter of Manfredi v Coombe*, 238 AD2d 635; *Matter of Barrett v Coughlin*, 199 AD2d 653, 654, *lv denied* 83 NY2d 751).

Mikoll, J. P., Crew III, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* We note that, in this decision, Supreme Court also reviewed the merits and rejected all of petitioner's claims except his argument that the penalty imposed was harsh and excessive in that it was based on an erroneous finding as to the remaining undischarged portion of petitioner's sentence. Accordingly, Supreme Court granted the petition to the extent of vacating the penalty and remitting the matter to respondent for further proceedings. Respondent has informed this Court that, on November 9, 1998, it modified the penalty downward rendering any arguments related to the penalty moot.