■ In the Matter of Robert A. Lawrence, Appellant, v Ernest Edwards, as Superintendent of Otisville Correctional Facility, Respondent. [698 NYS2d 916] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Sheridan, J.), entered June 23, 1998 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition as time barred.

By administrative determination affirmed by respondent on September 1, 1997, petitioner, an inmate, was found guilty of disobeying a direct order in violation of a prison disciplinary rule. Petitioner's ensuing CPLR article 78 proceeding challenging that determination was dismissed by Supreme Court (Donohue, J.) on January 16, 1998 for failure to effect proper service. Thereafter, on February 6, 1998, petitioner commenced the instant CPLR article 78 proceeding challenging the same determination. Unconvinced that CPLR former 306-b rendered the proceeding timely, Supreme Court dismissed the petition. Petitioner appeals.

We affirm. Although CPLR former 306-b enabled one to recommence a proceeding that was dismissed for defective service even if the Statute of Limitations had since expired, the newly amended version of CPLR 306-b, which became effective

---

prior to the dismissal of the initial proceeding (L 1997, ch 476, § 2), does not allow for recommencement beyond the relevant Statute of Limitations. Because the applicable limitations period here expired on January 3, 1998, four months after petitioner received notice of the adverse decision (*see,* CPLR 217), Supreme Court rightly concluded that this proceeding, commenced more than a month later, was not timely (*see, Matter of Shell v McCray,* 261 AD2d 664). But even if CPLR former 306-b applied, the within proceeding would nevertheless be untimely for it was not commenced within 15 days after the initial proceeding was deemed dismissed (*see,* CPLR former 306-b [a], [b]; *Matter of Barsalow v City of Troy,* 208 AD2d 1144, 1146).

Cardona, P. J., Mikoll, Crew III and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.