Peters, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed, with costs.

■ In the Matter of RITA DOOLITTLE, Appellant, v COUNTY OF BROOME, Respondent. [714 NYS2d 777] —Graffeo, J. Appeal from an amended judgment of the Supreme Court (Monserrate, J.), entered April 7, 1999 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent which granted General Municipal Law § 207-c benefits for a limited period of time.

This matter was previously before this Court on an appeal from a judgment ordering respondent to provide a hearing to petitioner, a former correction officer employed in the County Jail, to address her claim for disability benefits under General Municipal Law § 207-c and we refer to our prior decision for a more complete recitation of the procedural history (see, 220 AD2d 864). Briefly stated, in 1988 petitioner and two female co-workers commenced a Federal action charging respondent and certain of its employees with gender discrimination and sexual harassment in the workplace. After respondent undertook an internal investigation of the allegations, petitioner suffered a "nervous breakdown" while on the job in March 1989. Claiming she was unable to return to work due to a workplace injury, petitioner filed for workers' compensation benefits. As apparently was its custom, respondent treated the workers' compensation claim as a request both for those benefits and for disability benefits under General Municipal Law § 207-c. Both claims were controverted by respondent.

In April 1990, petitioner was terminated from her employment due to her absence from work for a period of more than one year. A year later, respondent's risk manager denied petitioner's request for General Municipal Law § 207-c benefits based on its conclusion that her psychological injuries were not work related. Petitioner challenged this finding and a hearing was scheduled in accordance with respondent's procedures pursuant to Local Laws, 1983, No. 15 of County of Broome § 60.4 et seq. (hereinafter Local Law No. 15) for the administrative adjudication of General Municipal Law § 207-c claims. After the hearing was rescheduled several times, petitioner obtained an indefinite adjournment in January 1992 due to her counsel's

disability and she did not pursue the matter until two years later, at which time she requested a status update and a hearing. In response, the County asserted that no action would be taken on the section 207-c claim until the workers' compensation matter was resolved. Petitioner then initiated a CPLR article 78 proceeding seeking an order directing respondent to conduct a section 207-c hearing. Supreme Court granted the petition and this Court affirmed on appeal (see, 220 AD2d 864, supra).

Soon thereafter, during the trial of petitioner's Federal action, petitioner claimed to have experienced another nervous breakdown while she was testifying. When it became apparent that petitioner was unwilling or unable to continue, a mistrial was granted. After a hearing was conducted to determine the legitimacy of petitioner's allegation that her disability rendered her unavailable for further testimony, the court determined that her conduct constituted a voluntary refusal to submit to cross-examination and dismissed the Federal action for failure to prosecute.

In the meantime, a Hearing Officer was appointed to preside over the General Municipal Law § 207-c hearing ordered by Supreme Court. Upon petitioner's assertion that she would be unable to testify at the hearing and her request to substitute her deposition testimony instead, the Hearing Officer directed petitioner to submit to an examination by respondent's forensic psychiatrist. Petitioner declined to comply. An eight-day hearing was then conducted in the spring of 1998 and petitioner neither testified nor called as a witness the psychologist who had been treating her since the breakdown in 1989. In a lengthy and comprehensive decision dated July 28, 1998, the Hearing Officer held that petitioner had sustained a compensable injury on March 8, 1989, was disabled due to that injury from that date through November 30, 1989 and, accordingly, was entitled to benefits from the County for that discrete time period only. Copies of the determination were mailed to counsel for each of the parties on July 29, 1998.

Petitioner brought this CPLR article 78 proceeding challenging the determination on December 4, 1998 by filing a petition in the Broome County Clerk's office. Respondent submitted an answer denying the allegations of error and requesting a dismissal because the proceeding was not commenced within the applicable four-month Statute of Limitations period and due to petitioner's failure to properly serve respondent. Supreme Court found that dismissal was warranted both on the procedural objections and on the merits, and petitioner now appeals.

It is well settled that the four-month Statute of Limitations applicable to a CPLR article 78 challenge to an adjudicatory determination of an administrative agency begins to run the day the party aggrieved receives notice of the decision (*see, Matter of Biondo v New York State Bd. of Parole*, 60 NY2d 832; *Matter of Shell v McCray*, 261 AD2d 664). Petitioner acknowledges that her attorney received a copy of the determination on July 30, 1998. As the CPLR article 78 petition was filed in the County Clerk's office on December 4, 1998, more than four months after petitioner's receipt of notice of the decision, this proceeding was untimely (*see, Matter of Shell v McCray, supra*). Petitioner's reliance on a provision which appears in Local Law No. 15* providing for a five-day extension of time for mailing is misplaced. By its own terms, the provision relates only to "period[s] of time prescribed by this Article" and, thus, it may not properly be construed to extend the CPLR article 78 Statute of Limitations period prescribed in CPLR 217 (*see generally, Matter of Fiedelman v New York State Dept. of Health*, 58 NY2d 80, 81; *Matter of De Milt v Tax Appeals Tribunal*, 232 AD2d 824, *lv denied* 89 NY2d 816). Because the petition was time barred and, therefore, properly dismissed, we need not address respondent's alternative procedural objection that petitioner failed to meet the statutory requirements for service of process on respondent.

We note that if this matter was properly before us, we would find the determination that petitioner was entitled to benefits for a discrete period of eight months to be supported by sufficient evidence in the record. Given that nine years elapsed between petitioner's last day on the job in March 1989 and the commencement of the hearing in 1998, it was reasonable for the Hearing Officer to address the duration of any mental illness or condition that could be deemed attributable to the working conditions in the County Jail in 1989. The record evidence reveals that it was not irrational for the Hearing Officer to conclude on the issue of causation that any psychological injury suffered by petitioner as a result of workplace stress was limited in time from March 1989 to November 1989. This conclusion is founded upon the testimony of respondent's expert who examined petitioner in 1995 and opined that she had suffered an adjustment disorder arising from the stress of the lawsuit and respondent's attendant internal investigation, with

---

* The provision reads that "[w]here a period of time prescribed by this Article is measured from the service of a paper and services [*sic*] by mail, five (5) days shall be added to the prescribed period" (Local Laws, 1983, No. 15 of County of Broome § 60-19 [B]).

symptoms attributable to that stress lasting for approximately six months.

As for the evidentiary errors asserted by petitioner, we would note that under Local Law No. 15 the Hearing Officer was "not * * * bound by common law or statutory rules of evidence or by technical or formal rules of procedure", was empowered to "[r]equire the production of all books, papers, documents and other records necessary to such inquiry" and to "[d]o all that may be reasonable and necessary in the conduct of a hearing" (Local Laws, 1983, No. 15 of County of Broome § 60-15 [C], [G] [3], [7]). In light of the discretion afforded the Hearing Officer under the applicable procedural scheme, no error would be gleaned in the rulings directing petitioner, who claimed she was unable to testify due to her medical condition, to undergo an examination by a forensic psychiatrist and to disclose certain medical records relevant to that contention.

Nor do we fault the Hearing Officer for precluding petitioner from offering related evidence based on her refusal to undergo an examination or to provide the requested documents. Based on the proof adduced at the hearing, we would not say that it was irrational for the Hearing Officer to draw a strong inference against petitioner due to her failure to call her treating psychologist to provide psychological justification for petitioner's lack of participation at the hearing, particularly considering petitioner's refusal to cooperate with efforts to inquire into her assertion that she was medically unfit to testify. Finally, we note that petitioner was not prejudiced by the Hearing Officer's reference to workers' compensation case law because that "forum features a more lenient and more inclusive standard of covered activity than is intended to be covered and compensated in a General Municipal Law § 207-c benefits universe" (*Matter of Balcerak v County of Nassau*, 94 NY2d 253, 261).

Petitioner's remaining contentions have been reviewed and are without merit.

Cardona, P. J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the amended judgment is affirmed, without costs.