■ In the Matter of MARIE F. DUROSEAU, Appellant, v JOHN A. JOHNSON et al., Respondents. [735 NYS2d 156] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Children and Family Services suspending the petitioner's license to operate a group family day care home, the petitioner appeals (1) from an order of the Supreme Court, Nassau County (Gibson, R.), dated April 21, 2000, which, after a hearing, determined that she failed to obtain personal jurisdiction over the respondents, and (2), as limited by her brief, from so much of an order of the same court, dated October 10, 2000, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated April 21, 2000, is dismissed; and it is further,

Ordered that on the Court's own motion, the appellant's notice of appeal from the order dated October 10, 2000, is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order dated October 10, 2000, is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment dismissing the proceeding; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the order dated April 21, 2000, must be dismissed as no appeal lies as of right from an intermediate order in a proceeding pursuant to CPLR article 78 (*see,* CPLR 5701 [b] [1]). Moreover, that order was superseded by the order dated October 10, 2000, made upon reargument.

Contrary to the petitioner's contention, the Supreme Court did not err in determining that service of the petition upon an employee of the New York State Office of Children and Family Services, who had not been designated pursuant to CPLR 307 (2) to receive service of process on behalf of the Commissioner of the New York State Office of Children and Family Services and the State agency, did not constitute service upon the proper designated agent (*see,* CPLR 307 [2]; *Matter of Schachter v Sobol,* 213 AD2d 551, 552; *Rego Park Nursing Home v State of New York, Dept. of Health/Bur. of Residential Health Care Facility Reimbursement,* 160 AD2d 923, 924, *affd* 77 NY2d 942). Accordingly, jurisdiction was never acquired over the agency or the Commissioner, requiring the dismissal of the proceeding.

The petitioner's remaining contentions are without merit. Altman, J. P., Krausman, Goldstein and Crane, JJ., concur.