◼ In the Matter of BONNIE WITTIE, Petitioner, v STATE OF NEW YORK OFFICE OF CHILDREN & FAMILY SERVICES et al., Respondents. [866 NYS2d 692]—

Proceeding pursuant to CPLR article 78 to review a determination of John Franklin Udochi, designee of the Commissioner of State of New York Office of Children & Family Services, dated March 14, 2006, which, after a hearing, denied the petitioner's application to amend and seal a report maintained in the New York State Central Register of Child Abuse and Maltreatment.

Adjudged that the proceeding is dismissed, without costs or disbursements.

The petitioner commenced this CPLR article 78 proceeding to review the March 14, 2006 determination of Special Hearing Officer John Franklin Udochi, designee of the Commissioner of the State of New York Office of Children & Family Services, denying her application to amend and seal a report maintained in the New York State Central Register of Child Abuse and

Maltreatment (hereinafter the report). Prior to answering, the respondent State of New York Office of Children & Family Services (hereinafter OCFS) requested that the Supreme Court dismiss the proceeding insofar as asserted against it based on lack of personal jurisdiction, alleging that the petitioner failed to properly serve it as required by CPLR 307. The respondent Nassau County Department of Social Services requested that the Supreme Court dismiss the proceeding insofar as asserted against it because it was not a proper party to the proceeding. Upon the Supreme Court's denial of the respondents' applications, the respondents served answers. The answer of the respondent OCFS included, inter alia, the affirmative defense of lack of personal jurisdiction based upon its claim of improper service. The Supreme Court dismissed that defense as barred by the law of the case and transferred the proceeding here pursuant to CPLR 7804 (g).

Exercising our power to review the procedural claims asserted by the respondent OCFS (*see* CPLR 7804 [g]; *Matter of Desmone v Blum,* 99 AD2d 170, 177 [1984]; *see also Matter of Hunter's Crossing Neighborhood Assn. v Maul,* 267 AD2d 1036, 1037 [1999]; *Matter of Moncrieffe v Goord,* 249 AD2d 715, 716 [1998]), we find that the petitioner failed to properly serve the notice of petition and petition upon the respondent OCFS in accordance with CPLR 307 (2) (*see Matter of Duroseau v Johnson,* 289 AD2d 489, 490 [2001]; *Matter of Russo v New York State Dept. of Motor Vehs.,* 181 AD2d 774, 775 [1992]; *Matter of Desmone v Blum,* 99 AD2d 170, 177 [1984]; CPLR 7804 [g]; *see also Matter of Hunter's Crossing Neighborhood Assn. v Maul,* 267 AD2d 1036, 1037 [1999]; *Matter of Moncrieffe v Goord,* 249 AD2d 715, 716 [1998]). Accordingly, personal jurisdiction has never been acquired over OCFS, a necessary party to the instant proceeding (*see* Social Services Law § 422 [1], [5], [8]), and, therefore, we dismiss the proceeding insofar as asserted against that respondent (*see Matter of Duroseau v Johnson,* 289 AD2d at 490; *Matter of Russo v New York State Dept. of Motor Vehs.,* 181 AD2d at 775; *see also Rego Park Nursing Home v State of N.Y., Dept. of Health/Bur. of Residential Health Care Facility Reimbursement,* 160 AD2d 923, 924 [1990], *affd* 77 NY2d 942 [1991]).

Additionally, we find that the proceeding must be dismissed insofar as asserted against the respondent Nassau County Department of Social Services, as it is not a proper party to this proceeding. Rivera, J.P., Spolzino, Florio and Leventhal, JJ., concur.