■ In the Matter of RENEE FELDMAN SINGER, Appellant, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [891 NYS2d 742]—

Stein, J.

Petitioner was wrongfully denied membership in respondent New York State and Local Employees' Retirement System and her records were later lost, resulting in her being deprived of an opportunity to "buy back" her time. An initial hearing was held in 2003 to determine petitioner's status in the Retirement System but, for various reasons, the hearing was adjourned several times before it was finally held on January 8, 2008. Prior to the hearing on that date, petitioner's attorney submitted an affirmation of actual engagement (*see* 22 NYCRR 125.1) and requested an adjournment. At the hearing—at which petitioner appeared—the Hearing Officer denied the request for an adjournment and granted the Retirement System's motion to dismiss the case based on petitioner's failure to proceed. Petitioner's attorney received the order of dismissal on February 4, 2008 and petitioner received a copy of the order on February 6, 2008.* On June 6, 2008, petitioner commenced a CPLR article 78 proceeding seeking reversal of the order of dismissal. Supreme Court granted respondents' preanswer motion to dismiss the proceeding on the basis that it was barred by the statute of limitations. Petitioner now appeals and we affirm.

---

* It is not clear from the record before us whether this copy of the order was forwarded to petitioner by her attorney or by the Retirement System.

A party seeking to challenge an administrative determination must do so within four months of the decision becoming final and binding (*see* CPLR 217). Generally, the statute of limitations begins to run when the party receives oral or written notice, or when the party knows or should have known, of the adverse determination (*see Matter of Biondo v New York State Bd. of Parole*, 60 NY2d 832, 834 [1983]; *Matter of Feldman v New York State Teachers' Retirement Sys.*, 14 AD3d 769, 770 [2005]). However, where, as here, a party is represented by counsel, the statute of limitations does not begin to run until the attorney receives the required notice in the proper form (*see Matter of Bianca v Frank*, 43 NY2d 168, 173 [1977]; *Matter of Doolittle v County of Broome*, 276 AD2d 863, 865 [2000]).

In this case, the record reflects that petitioner clearly articulated, and all parties understood, that she was represented by counsel on January 8, 2008, notwithstanding the Hearing Officer's refusal to adjourn the hearing on that date. In addition, petitioner unequivocally stated at the hearing that she wanted all documents emanating therefrom to be sent to her attorney. Thus, the statute of limitations began to run when her counsel received the written order of dismissal on February 4, 2008 (*see Matter of Bianca v Frank*, 43 NY2d at 173), more than four months before she commenced this proceeding. Accordingly, Supreme Court properly granted respondents' motion to dismiss.

Petitioner's remaining contentions have been considered and are either academic or unavailing.

Peters, J.P., Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.