■ In the Matter of LAWRENCE HAYES, Appellant, v ANDREA W. EVANS, as Chair of the New York State Division of Parole, Respondent. [951 NYS2d 257]—

Malone Jr., J. Appeal from a judgment of the Supreme Court (Cahill, J.), entered September 30, 2011 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Following the denial of petitioner's application for discharge from parole pursuant to Executive Law § 259-j, petitioner commenced this CPLR article 78 proceeding challenging the determination. Supreme Court granted respondent's motion to dismiss the petition as time-barred and this appeal ensued.

We affirm. A challenge to an administrative determination must be commenced within four months after the determination becomes final and binding (*see Matter of Feldman v New York State Teachers' Retirement Sys.*, 14 AD3d 769 [2005]). "Generally, the statute of limitations begins to run when the party receives oral or written notice, or when the party knows or should have known, of the adverse determination" (*Matter of Singer v New York State & Local Employees' Retirement Sys.*, 69 AD3d 1037, 1038 [2010] [citations omitted]). Here, there is no dispute that petitioner's parole officer verbally informed petitioner in December 2010 that his application for discharge was denied, at which point the four-month statute of limitations began to run. Given that petitioner did not commence this CPLR article 78 proceeding until May 2011, the petition was properly dismissed as untimely. To the extent that petitioner asserts that the statute of limitations did not begin to run until his counsel received notification of the determination in April 2011, we note that, unlike *Matter of Bianca v Frank* (43 NY2d 168, 173 [1977]), petitioner was not represented by counsel until *after* the administrative determination became final and binding. Petitioner's remaining contentions are either unpreserved for our review or without merit.

Mercure, J.P., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.