Matter of Stack v City of Glens Falls (2019 NY Slip Op 01286)





Matter of Stack v City of Glens Falls


2019 NY Slip Op 01286


Decided on February 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 21, 2019

527005

[*1]In the Matter of LAUREN M. STACK, Appellant,
v
CITY OF GLENS FALLS et al., Respondents.

Calendar Date: January 8, 2019

Before: Lynch, J.P., Mulvey, Devine, Aarons and Pritzker, JJ.


Burger Law Group, PLLC, Saratoga Springs (Sarah J. Burger of counsel), for appellant.
McCabe & Mack LLP, Poughkeepsie (David L. Posner of counsel), for respondents.



MEMORANDUM AND ORDER
Devine, J.
Appeal from an order and judgment of the Supreme Court (Muller, J.), entered October 18, 2017 in Warren County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.
Following a hearing over which he presided, respondent Robert Curtis found that petitioner, the appointed assessor of respondent City of Glens Falls, was guilty of two disciplinary charges and recommended her termination. On October 3, 2016, respondent City of Glens Falls Common Council accepted the recommendation. A letter confirming petitioner's termination was sent by respondent Jack Diamond, the City's Mayor, on October 11, 2016. Consequently, on February 10, 2017, petitioner commenced this proceeding pursuant to CPLR article 78 seeking, in relevant part, annulment of the determination. Supreme Court granted respondents' motion to dismiss the petition as time-barred, and petitioner now appeals.
We reverse. A special proceeding "must be commenced within four months after the determination to be reviewed becomes final and binding" in its impact upon a petitioner (CPLR 217 [1]; see Matter of Edmead v McGuire, 67 NY2d 714, 716 [1986]). "Generally, the statute of limitations begins to run when the party receives oral or written notice, or when the party knows or should have known, of the adverse determination" (Matter of Singer v New York State & Local Employees' Retirement Sys., 69 AD3d 1037, 1038 [2010] [citations omitted]; see Matter of Novillo v Board of Educ. of Madison Cent. School Dist., 17 AD3d 907, 909 [2005], lv denied [*2]5 NY3d 714 [2005]; Matter of Scott v City of Albany, 1 AD3d 738, 739 [2003])[FN1]. It is incumbent upon the party asserting the statute of limitations defense to establish that clear notice of the determination was afforded to the petitioner "more than four months prior to" the commencement of his or her proceeding, and any ambiguity in the communications purportedly constituting notice "must be resolved in favor of" the petitioner (Matter of Vadell v City of New York Health & Hosps. Corp., 233 AD2d 224, 225 [1996]; see Mundy v Nassau County Civ. Serv. Commn., 44 NY2d 352, 358 [1978]).
Counsel for petitioner learned from a reporter that the Common Council had held a special meeting on October 3, 2016 to consider Curtis' report and recommendation, and respondents provided a newspaper article from that date that described the ensuing determination and quoted counsel as promising legal action. Counsel for petitioner promptly emailed the City's labor counsel, Christopher Watt, to inquire if the newspaper report was accurate and to obtain a copy of the report and recommendation. Watt indicated that he did not know if the article was accurate and, while he provided the report the next day and averred to calling counsel for petitioner and confirming that petitioner had been terminated, counsel for petitioner stated that she did not remember that call and that her records did not reflect that she received it. Petitioner herself heard nothing and, having been suspended without pay pending the outcome of the disciplinary proceedings against her, did not notice any additional disruption in her work routine. Moreover, the confusion of petitioner and her counsel is evident in their emails during this period, with petitioner noting on October 7, 2016 the "odd" absence of any "word from City Hall about [her] status" and counsel complaining to Watt on October 11, 2016 that the City had still not provided "any notification" of the determination and demanding to know petitioner's status. Petitioner further stated in her affidavit that she was befuddled by respondents' silence and did not realize that she had been terminated as of October 3, 2016 until she received the October 11, 2016 letter.
It appears, in short, that petitioner and her counsel were aware that the Common Council had made a decision on October 3, 2016, but may not have known exactly what it was until receiving the October 11, 2016 letter. This does not reflect oral notice of an "unambiguous" and "certain" final determination that would trigger the statute of limitations (Matter of Edmead v McGuire, 67 NY2d at 716); to the contrary, it reflects uncertainty caused by respondents' inaction that must be resolved against them (see Mundy v Nassau County Civ. Serv. Commn., 44 NY2d at 358; Matter of Catskill Regional Off-Track Betting Corp. v New York State Racing & Wagering Bd., 56 AD3d 1027, 1029 [2008]; Matter of Slocum v Board of Educ., Binghamton City School Dist., 101 AD2d 969, 970 [1984]). Petitioner commenced this proceeding less than four months after receiving clear notice of the determination in the October 11, 2016 letter and, as a result, this proceeding is timely. Thus, as respondents failed to address their alternate ground for dismissal upon the present appeal, their motion is denied and the matter remitted so that they may have the opportunity to serve an answer (see CPLR 7804 [f]).
Lynch, J.P., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the order and judgment is reversed, on the law, without costs, motion denied and matter remitted to the Supreme Court to permit respondents to serve an answer within 20 days of the date of this Court's decision.



Footnotes

Footnote 1: Petitioner makes various arguments regarding when the determination became final and whether written notice of it was required, but those arguments are unpreserved for our review.