William R. Geiler, J.
Motion to dismiss a petition in an article 78 proceeding pursuant to CPLR 7804 (subd. [f]) on the following ground:
The petition herein was never delivered to the proper person on behalf of the proposed respondents, Hollis S. Ingraham, 'Commissioner of the Department of Health, State of New York, and the Air Pollution Control Board, in accordance with the 'Civil Practice Law and Rules, and therefore the court has no jurisdiction of the said proposed respondents.
Petitioner has instituted an article 78 proceeding to review and set aside an air pollution abatement order made by the respondent Commissioner of Health on December 11, 1967 and to declare article 12-A of the Public Health Law and the rules and regulations promulgated thereunder unconstitutional.
The proceeding herein was commenced by delivery of a notice of petition and petition to an Assistant Attorney-General in the New York City office of the Attorney-General on April 11, 1968. The petitioner admittedly did not serve anyone else in the New York City office.
Respondents maintain that the court does not have jurisdiction over them and this proceeding should be dismissed. They contend that service upon an Assistant Attorney-General is not service upon them.
Petitioner asserts that for the purposes of an article 78 proceeding, the respondents and the State are one and the same and therefore jurisdiction over the respondents is obtained *291 by service upon the Assistant Attorney-General pursuant to CPLR 307.
The court recognizes that personal service upon the State is made by serving an Assistant Attorney-General at an office of the Attorney-General (CPLR 307). However, petitioner’s theory, that for the purposes of an article 78 proceeding the State and respondents are one and the same, is untenable.
An article 78 proceeding is a “ proceeding against a body or officer ”. A body or officer is defined in CPLR 7802 (subd. [a]) as follows: “ The expression ‘ body or officer ’ includes every court, tribunal, board, corporation, officer, or other person, or aggregation of persons, whose action may be affected by a proceeding under this article.” This definition certainly does not include the State.
CPLR 7802 specifically enumerates who may be made parties to an article 78 proceeding. The State is clearly not among those listed. Thus, the Latin phrase expressio unius est exelusio alterius is applicable herein. The mention of one thing implies the exclusion of another. Thus, where a statute, as in the instant matter herein, expressly describes particular parties to which it applies, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted and excluded (Doyle v. Gordon, 158 N. Y. S. 2d 248).
The fact that the State is not a proper party to an article 78 proceeding is succinctly stated in Carmody-Wait 2d Hew York Practice (vol. 24, § 145:264, p. 64) in the following language: “Although state boards and officers other than the Governor may be made respondents in a proceeding under Article 78 of the Civil Practice Law and Rules, the state itself is not subject to a proceeding against it under such article. The remedy against a body or officer may not be defeated upon the theory that the state is a defendant and that as such it cannot be sued. The view has been expressed that for this purpose, the state is not the defendant, but that certain ministerial officers who are bound to perform their duties are the true defendants.”
It is equally clear that a State cannot be substituted for an officer or board whose determination is sought to be reviewed (People ex rel. Vickerman v. Contracting Bd., 46 Barb. 254). Thus, the fallacy of petitioner’s theory that for purposes of an article 78 proceeding the State and an officer or board thereof are interchangeable, is apparent.
Service upon the Attorney-General is not synonymous with service upon the respondents herein. The court finds that *292 neither the Commissioner of Health nor anyone in his office authorized to accept service for him was served. The court also finds that the Air Pollution Control Board was not served in accordance with CPLR 312.
The petition herein is dismissed.