■ In the Matter of DOROTHY BOONE, Petitioner, v MIODRAG RISTICH, as Director of Willowbrook State School, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination, dated March 12, 1973, which, after a hearing, found petitioner guilty of two specifications of misconduct and dismissed her from her position at Willowbrook State School. Determination annulled, on the law, without costs, and matter remanded to respondent for the receipt of certain newly discovered evidence and the making of a new determination in accordance herewith. Petitioner, a therapy aide at the Willowbrook State School, was charged with having assaulted a female resident-patient on two occasions. The matter was then referred to a hearing officer. At the hearing, the only alleged eyewitness to the assaults, a resident-patient of the institution, gave unsworn testimony that she saw petitioner assault the injured resident on both occasions. Following the hearing, the hearing officer recommended that petitioner be found guilty of the specifications and recommended her dismissal. By a notice of decision and determination dated March 12, 1973 petitioner was

dismissed from the service of Willowbrook State School by respondent. Following the determination, petitioner sought to reopen the hearing on the ground of newly discovered evidence. According to her petition and the supporting affidavit of her attorney, several fellow employees informed petitioner subsequent to the hearing that the alleged eyewitness had recanted her testimony and had stated to them that another resident was responsible for the injuries sustained by the injured resident-patient. The Deputy Director for Administration of Willowbrook was informed of the matter over the telephone by petitioner's attorney. Her request for a rehearing was denied. Attached to her petition and supporting papers are the affidavits of several employees of Willowbrook attesting to the alleged recantation. It is clear that the unsworn testimony of the resident-patient was admissible at the hearing and could provide a foundation for petitioner's dismissal, if found credible by the hearing officer *(Matter of Brown v Ristich,* 36 NY2d 183). However, since the hearing officer's recommendation was based almost solely upon the testimony of the alleged eyewitness, whose credibility is directly challenged by the petition and supporting affidavits, we find that under the circumstances presented, petitioner should be afforded the opportunity to introduce the evidence concerning alleged inconsistencies by the witness in her representation of the facts. We therefore remand the matter to respondent for the receipt of such newly discovered evidence and for the making of a new determination. Gulotta, P. J., Rabin, Martuscello, Latham and Christ, JJ., concur.