OPINION OF THE COURT
Donald J. Wisner, J.
The issue presented in this case is how may service of a subpoena duces tecum be made in a criminal case upon the New York State Division of State Police to obtain production of records concerning a breathalyzer, a seeming simple question.
The applicant, Gary Bott, was indicted for a felony charge of operating a motor vehicle while under the influence of alcohol or drugs in violation of subdivisions 2 (test section) and 3 (common-law section) of section 1192 of the Vehicle and Traffic Law, and violating section 381 of the Vehicle and Traffic Law regarding motorcycle equipment (noisy muffler).
Counsel for the defendant delivered to a trooper at the Henrietta facility of the New York State Police a subpoena duces tecum signed by this court. The subpoena in preparation for trial seeks records concerning a Smith & Wesson model 900-A Breathalyzer, New York State Police property number 10817, located at the Henrietta facility.
The records sought are not limited to records kept at the Henrietta facility. They include, for example, maintenance *1030 records for the instruments, instructional material for the instruments whether issued by the manufacturers, the New York State Department of Health, or the New York State Police; and records of maintenance and use for every piece of radio equipment at the Henrietta facility.
The Assistant Attorney-General on behalf of the New York State Police has moved to quash the subpoena, first claiming that service upon a trooper at a facility such as Henrietta is not good service on the New York State Division of State Police, and next raising numerous claims on the materiality and overbroad character of the subpoena. This court reaches only the former argument.
GPL 610.20 (subd 3) sets forth the authority for defense counsel in criminal actions to apply to the court for the issuance of a subpoena duces tecum directed to a department, bureau, or agency of the State or of a political subdivision, referring the reader to CPLR 2307 for the applicable rules.
The trial leading to the appropriate way to subpoena records from the New York State Police from that point is anything but straight.
CPLR 2307 (subd [a]) contains two 24-hour provisions, both honored more in the breach than in practice.[1] It provides in part that: “Unless the court orders otherwise, a motion for such subpoena shall be made on at least one day’s notice to the library, department, bureau or officer having custody of the book * * * and the adverse party” (emphasis added). Both the governmental custodian and the adverse party are entitled to 24-hour notice of the application unless the court specifically directs otherwise.
The second 24-hour provision provides that the service of the subpoena thus issued be made at least 24 hours before the time fixed for production of the records. While the time and notice provision are instructive, the emphasis on the custodian is the key.
The District Attorney in argument on the omnibus motion in People v Bott has referred the defense counsel to his own subpoena power regarding these records. The counsel for the Division of New York State Police have not raised *1031 the issue of notice prior to issuance. Therefore, I find that provision is waived. In any event, there is some authority for ignoring noncompliance with the 24-hour notice provisions. (People v Simone, 92 Misc 2d 306.)
The search next turns to who must be served. CPLR 2303, regarding service of subpoena, provides service shall be in the same manner as a summons.
A summons may be served as provided in CPLR article 3. The provisions most directly applicable to this case are CPLR 307 and 311. CPLR 307 provides that personal service may be made upon the State by delivering the summons to an Assistant Attorney-General at an office of the Attorney-General, or to the Attorney-General within the State. CPLR 307 is seldom used. Section 11 of the Court of Claims Act governs service when the State is sued. Courts have looked with disfavor on attempts to obtain jurisdiction by serving the Attorney-General without service on the governmental agency. (Matter of Patchogue Scrap Iron & Metal Co. v Ingraham, 57 Misc 2d 290, 292 [where service made on the Attorney-General but not the Commissioner of Department of Health was held insufficient].)
CPLR 311 provides for service upon a corporation or governmental subdivision. None of the provisions is directly applicable to a department of the State or a lesser bureau or office. As Siegel notes, there is likewise no provision for service on public authorities. He refers to that as an indefensible omission suggesting that a public authority be treated like an ordinary corporation.[2]
CPLR 311 provides in pertinent part that personal service upon a governmental subdivision shall be made by delivering the summons to the individuals designated in CPLR 311 (subds 2-8).
In each instance, by statutory scheme, the Legislature has seen fit to name either the counsel or an administrative or clerical official such as the Mayor or city clerk to receive the summons. Thus, throughout CPLR article 3, the Legislature has set up a scheme where a summons will be served upon a centralized office.
The New York State Division of State Police argues that all original records are kept by the Superintendent at the *1032 Division Headquarters at Albany, New York, pursuant to 9 NYCRR 483.5 (a), and that administration of records must be centralized to assure consistent and thorough responses to subpoenas for records.[3]
While that might serve the purpose of the Division, it would clearly be onerous to require service upon the Division at Albany in even the simplest traffic or misdemeanor case. The common practice in this locale is to serve an employee at the facility where the records are maintained.
Accordingly, this court holds that a subpoena duces tecum directed to the New York State Division of New York State Police may be served upon the Superintendent of State Police or his counsel at Division Headquarters. Such service will be effective to require production of all records in the custody of the New York State Police.
In addition, this court holds that service may be made upon any responsible employee during normal business hours at any facility of the Division of New York State Police. Such service will be effective as to all records physically present at that facility at the time of service. Of course, response to a subpoena duces tecum can be made by one capable of identifying the records and testifying regarding them.
Accordingly, the motion by the Assistant Attorney-General to quash the subpoena is hereby granted, except insofar as to records that were physically present at the Henrietta facility at the time of service. With regard to the arguments of counsel concerning overbroad requests in the subpoena, I understand most matters have been settled by counsel. This case may be calendared within one week to argue any remaining disagreements.
This court will expect full compliance with the notice provision of CPLR 2307 (subd [a]) on any future application.

. 2A Weinstein-Korn-Miller, NY Civ Frac, par 2307.01, p 23-95, n 4.

. Siegel, NY Prac, pp 75-76, n 11.

. Of course, an argument can be made that records of police agencies such as the New York State Police that pertain to a specific prosecution cannot be subpoenaed pursuant to GPL 610.20 (subd 3), that the discovery provision of GPL article 240 being more specific and restrictive govern (People v Crean, 115 Misc 2d 526, 530; People v Bolivar, 121 Misc 2d 229). This argument, however, is not made by counsel. Indeed the local District Attorney’s policy seems to prefer referring defense counsel to their subpoena power for any records not in the possession of the District Attorney.