■ In the Matter of MICHAEL RUSSO, Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles dated October 6, 1988, finding the petitioner guilty, after a hearing, of violating Vehicle and Traffic Law § 1180 (b), and imposing a fine.

Adjudged that the proceeding is dismissed, without costs or disbursements.

Since no question is raised in the petition as to whether the determination of guilt was supported by substantial evidence, it was improper for the Supreme Court, Suffolk County, to transfer this proceeding to this court (see, CPLR 7804 [g]; Ferguson v Meehan, 141 AD2d 604). However, since the matter is now before this court, in the interests of judicial economy, it is proper for us to make a determination of the issues raised (see, Matter of 125 Bar Corp. v State Liq. Auth., 24 NY2d 174, 180).

The petitioner commenced the instant proceeding by the service of a notice of petition and petition upon the Attorney-General. He did not, however, serve a copy upon the Commissioner of the New York State Department of Motor Vehicles or upon anyone designated by the Commissioner to receive service of process on his behalf. Accordingly, personal jurisdiction has never been acquired over the respondent New York State Department of Motor Vehicles, requiring the dismissal of the proceeding *(see,* CPLR 7804 [c]; *Matter of Rego Park Nursing Home v State of New York, Dept. of Health/Bureau of Residential Health Care Facility,* 160 AD2d 923, *affd* 77 NY2d 942; *Matter of Quogue Assocs. v New York State Dept. of Envtl. Conservation,* 112 AD2d 999; *Matter of Upstate Milk Coops. v State of New York Dept. of Agric. & Mkts.,* 101 AD2d 940; *Matter of Patchogue Scrap Iron & Metal Co. v Ingraham,* 57 Misc 2d 290).

Dismissal is also warranted due to the petitioner's failure to exhaust his administrative remedies *(see,* Vehicle and Traffic Law § 228 [2] [a]; [9] [a]; *Matter of Elliott v City of Binghamton,* 94 AD2d 887, *affd* 61 NY2d 920). Further, this proceeding is untimely. It was not commenced until over 13 months after the Hearing Officer's determination of guilt became final and binding upon the petitioner *(see,* CPLR 217; *Matter of Village of Westbury v Department of Transp.,* 75 NY2d 62; *Matter of Edmead v McGuire,* 67 NY2d 714). In this regard, the petitioner's attempt to characterize this proceeding as one in the nature of a writ of mandamus to compel is unavailing, since the petition herein does not seek to compel a public official to perform an act required of him by law *(see, Matter of Connell v Town Bd.,* 113 AD2d 359, 364, *affd* 67 NY2d 896; *see also, Klostermann v Cuomo,* 61 NY2d 525, 540; *Matter of Haydock v Passidomo,* 121 AD2d 540).

We need not reach the parties' remaining contentions. Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.