■ In the Matter of JORY LOWRANCE, Appellant, v THOMAS COUGHLIN, as Commissioner of the Department of Correctional Services, et al., Respondents.—Appeal from a judgment of the Supreme Court (Cardona, J.), entered October 30, 1991 in Ulster County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition as untimely and for lack of personal jurisdiction.

Petitioner requested expungement of all determinations finding him guilty of violating disciplinary rules between January 1, 1983 and April 22, 1985, claiming that the Department of Correctional Services had not properly filed the applicable rules pursuant to NY Constitution, article IV, § 8. This request was denied and petitioner subsequently commenced this proceeding for the same relief. Supreme Court granted respondents' motion to dismiss the proceeding as untimely and for lack of personal jurisdiction. We affirm.

Absent a court order authorizing such service, petitioner did not obtain personal jurisdiction over respondents by serving the petition by mail upon the Attorney-General and the Ulster County Attorney, and the petition was properly dismissed *(see, Matter of Jarvis v Coughlin,* 88 AD2d 1041). In any event, petitioner concedes that he was found guilty of violating inmate disciplinary rules and his challenge to the accuracy of his records is thus frivolous *(see,* 7 NYCRR 5.51 [a]). Petitioner is actually attempting to challenge not the accuracy of his records reflecting his disciplinary determinations, but the validity of the underlying determinations themselves. The time to directly challenge these determinations has elapsed, and petitioner may not make such an untimely collateral challenge in the guise of a proceeding to contest the accuracy of his records *(see, People ex rel. Hawkins v Scully,* 151 AD2d 527). Finally, insofar as the petition may be read as one for mandamus to compel, the failure of petitioner to demand relief from the underlying disciplinary determinations for more than five years or to show a clear legal right to

the relief requested requires dismissal (see, Matter of Tummi-nia v Coughlin, 182 AD2d 885).

Mikoll, J. P., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.