■ In the Matter of TOWN OF CLARKSTOWN, Appellant, v ELIN M. HOWE, as Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, et al., Respondents. [614 NYS2d 327] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Mental Retardation and Developmental Disabilities, which declined to sustain the objection of the petitioner Town of Clarkstown to the establishment of a community residential facility within it, the petitioner appeals from (1) an order of the Supreme Court, Rockland County (Meehan, J.), dated March 18, 1992, which denied the petitioner's motion for a preliminary injunction, and (2) from a judgment of the same court, dated July 1, 1992, which dismissed the proceeding.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent Howe is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because any right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248), and the order is not appealable as of right in any event (see, CPLR 570 [b] [1]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

Service of process upon the Attorney-General alone did not confer jurisdiction over the respondent Howe (see, CPLR 7804 [c]; 307 [2]; Matter of Quogue Assocs. v New York State Dept. of Envtl. Conservation, 112 AD2d 999, 1000). Under the circumstances of this case, Howe's informal appearance in opposition to the petitioner's application for a preliminary injunction did not constitute a waiver of his jurisdictional objection. Howe raised the issue of lack of personal jurisdiction in opposition to the application for injunctive relief, and thereafter, moved for dismissal prior to the expiration of his time to answer (see, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 320:2, at 491-492; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 320.01; Matter of Jones v Coughlin, 87 AD2d 953, 954). Accordingly, the Supreme Court properly granted the motion to dismiss on the ground of lack of personal jurisdiction. Thompson, J. P., O'Brien, Ritter and Krausman, JJ., concur.