■ In the Matter of IRVING SCHACHTER, Appellant, v THOMAS SOBOL, as Commissioner of Education of the State of New York, et al., Respondents. [623 NYS2d 914] —In a hybrid action and proceeding pursuant to CPLR article 78 to, inter alia, review (1) a determination of the respondent Thomas Sobol, the Commissioner of Education of the State of New York, dated August 27, 1992, which confirmed the decision of the respondent Community School Board District 15 not to institute disciplinary proceedings against its superintendent,

and (2) a determination of the respondent Thomas Sobol, Commissioner of Education of the State of New York, dated September 7, 1992, which confirmed the decision of the respondent Board of Education of the City School District of the City of New York not to institute disciplinary proceedings against its counsel, the appeals are (1) from a judgment of the Supreme Court, Queens County (Milano, J.), dated May 19, 1993, which, *inter alia,* dismissed the action and proceeding pursuant to CPLR 3211 (a) (5), (8), insofar as it is asserted against Thomas Sobol, Commissioner of Education of the State of New York, and (2) as limited by the appellant's brief, from so much of a judgment of the same court, dated July 7, 1993, as, *inter alia,* dismissed the action and proceeding pursuant to CPLR 3211 (a) (7) insofar as it is asserted against the municipal respondents.

Ordered that the judgment dated May 19, 1993, is affirmed; and it is further,

Ordered that the judgment dated July 7, 1993, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents appearing separately and filing separate briefs are awarded one bill of costs.

Notwithstanding the appellant's commencement of the action and proceeding by summons and verified complaint, upon review of the pleadings, we find that the causes of action asserted against Thomas Sobol, Commissioner of Education of the State of New York (hereinafter the Commissioner) should have been raised in a CPLR article 78 proceeding to review a determination of an administrative officer. Accordingly, a four-month Statute of Limitations was applicable to any contentions the appellant raised with respect to the propriety of the Commissioner's determinations *(see,* CPLR 217 [1]; *Solnick v Whalen,* 49 NY2d 224; *see, e.g., Verbanic v Nyquist,* 41 AD2d 466).

Therefore, the Supreme Court properly dismissed the action and proceeding as against the Commissioner, pursuant to CPLR 3211 (a) (5), (8). While the appellant's initial attempt, in December 1992, to commence the action and proceeding as against the Commissioner was timely, the service of process upon the Attorney-General without personal service upon the Commissioner or an agent specifically designated to receive process on his behalf was inadequate to gain personal jurisdiction over the Commissioner (CPLR 7804 [c]; *see, e.g., Matter of Russo v New York State Dept. of Motor Vehicles,* 181 AD2d

774, 775; *Matter of Somlo v State Div. of Hous. & Community Renewal,* 142 AD2d 535, 536; *Matter of Quogue Assocs. v New York State Dept. of Envtl. Conservation,* 112 AD2d 999). Moreover, at the time of the appellant's second attempt to commence the action, in February 1993, by duly filing process with the Supreme Court and purchasing an index number *(see,* CPLR 304, 306-a), the applicable Statutes of Limitations had already expired, rendering the action and proceeding time-barred as against the Commissioner *(see,* CPLR 217 [1]).

Moreover, upon review of the appellant's pleadings and all subsequent contentions raised in his motion papers, dismissal of the action and proceeding as against the municipal respondents was warranted, pursuant to CPLR 3211 (a) (7), for reasons set forth by Judge Milano in the judgment dated July 7, 1993.

We have examined the appellant's remaining contentions and find them to be without merit. Santucci, J. P., Joy, Friedmann and Florio, JJ., concur.