■ In the Matter of DONALD McRAE, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [633 NYS2d 677] —Crew III, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered November 17, 1994 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition for lack of personal jurisdiction.

Petitioner commenced this proceeding by order to show cause signed by Supreme Court on July 6, 1994, pursuant to which petitioner was required to, *inter alia*, serve the petition and any supporting affidavits upon respondent and the Attorney-

---

General on or before July 20, 1994 and file proof of service thereof at least seven days prior to the August 5, 1994 return date. The affidavit of service subsequently filed by petitioner failed to reflect service upon respondent, and the Attorney-General's office, representing respondent, thereafter moved to dismiss this proceeding on the ground that petitioner had failed to obtain personal jurisdiction over respondent. Supreme Court granted the motion and imposed $20 in motion costs upon petitioner, and this appeal by petitioner followed.

"Failure of an inmate to satisfy the service requirements set forth in an order to show cause requires dismissal for lack of jurisdiction absent a showing that imprisonment presented obstacles beyond his control which prevented compliance" (*Matter of Gittens v Selsky*, 193 AD2d 986, 987). No such showing has been made here. The affidavit of service filed with Supreme Court only reflected service upon the Attorney-General, and although petitioner subsequently produced an affidavit purporting to demonstrate service upon respondent, such affidavit was not filed in accordance with the order to show cause and petitioner has offered no explanation for his failure to do so (*see, Matter of Alevras v Chairman of N. Y. Bd. of Parole*, 118 AD2d 1020, 1021, *appeal dismissed* 68 NY2d 753). Additionally, respondent denies receiving a copy of the petition and supporting papers and, absent a court order authorizing such service, personal jurisdiction over respondent may not be obtained by serving the Attorney-General (*see, Matter of Lowrance v Coughlin*, 190 AD2d 915). As to the award of motion costs, assuming such an award was indeed permissible, we nevertheless agree with petitioner that it was inappropriate under the circumstances present here.

Cardona, P. J., Mikoll, White and Yesawich Jr., JJ., concur. Ordered that the judgment is modified, on the facts, without costs, by reversing so much thereof as imposed $20 in motion costs upon petitioner, and, as so modified, affirmed.