■ F & K Supply, Inc., Doing Business as Fowler and Keith Supply Company, Appellant, v John D. Freeman, Doing Business as Freeman Millwork Company, et al., Defendants. Steven I. Gottlieb, Respondent. [664 NYS2d 640] —Crew III, J. Appeal from an order of the Supreme Court (Torraca, J.), entered January 18, 1996 in Ulster County, which denied plaintiff's motion to vacate a default judgment entered against it.

Steven I. Gottlieb was employed by plaintiff as in-house counsel between August 8, 1994 and May 3, 1995 and, while so employed, apparently represented plaintiff in its litigation with defendant (hereinafter the underlying action). After Gottlieb left plaintiff's employ, he attempted to recoup certain sums allegedly owed to him—specifically, his final week's salary and two weeks' vacation pay (totaling $2,400), reimbursement of medical expenses incurred after plaintiff purportedly canceled his health insurance ($223) and punitive damages ($1 million). When these efforts proved unsuccessful, Gottlieb moved by order to show cause seeking to recover the aforementioned sums. Plaintiff's president, Steven Aaron, apparently submitted papers in opposition to Gottlieb's application and thereafter moved by order to show cause seeking, *inter alia*, to sanction Gottlieb for frivolous litigation.

After Supreme Court discovered that Aaron was not an attorney, it deemed the papers submitted by Aaron to be nullities, found plaintiff to be in default and awarded Gottlieb $3,623. Plaintiff thereafter retained counsel and moved to vacate the default judgment entered against it contending, *inter alia*, that Gottlieb lacked standing to seek back pay and benefits in the context of the underlying action and, further, that Gottlieb's order to show cause had not been properly served. Supreme Court denied the motion and this appeal by plaintiff ensued.

While there is no doubt that Gottlieb has standing to pursue his contractual claims for salary and other benefits allegedly due him as a consequence of his employment with plaintiff, his remedy is through a civil action commenced by the filing and

service of a summons and complaint or summons with notice.* Inasmuch as no such action had been commenced, Supreme Court was without jurisdiction to consider those matters brought on by Gottlieb's motion and, as such, its judgment in that regard is a nullity (*cf., Matter of Heisler v Gingras*, 238 AD2d 702). Accordingly, we must reverse Supreme Court's order and vacate the default judgment entered in favor of Gottlieb against plaintiff.

Moreover, even accepting that Gottlieb's order to show cause was sufficient to confer subject matter jurisdiction upon Supreme Court, we nevertheless would grant plaintiff's motion to vacate as the record reveals that the order to show cause was improperly served. In this regard, it is well settled that the "mode of service provided for in the order to show cause is jurisdictional in nature and must be literally followed" (*Matter of Bell v State Univ. of N. Y.*, 185 AD2d 925; *see generally, Matter of McRae v New York State Div. of Parole*, 221 AD2d 827, 828). Here, the order to show cause provided for service on plaintiff by mail or personal delivery to its purported attorney, Alan Zwiebel. There is no indication that plaintiff was properly served by mail (*see*, CPLR 311, 312-a), and although it appears that Zwiebel may have represented plaintiff in certain litigation matters, there is nothing in the record to establish that Zwiebel represented plaintiff in the underlying action.

Mikoll, J. P., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and default judgment entered against plaintiff vacated.

---

* Indeed, it appears that Gottlieb commenced such an action in Kingston City Court in Ulster County during the pendency of this appeal.