In the Matter of JAMES TAYLOR, Petitioner, v THOMAS POOLE, as Superintendent of Gouverneur Correctional Facility, Respondent. (And Another Related Proceeding.) [728 NYS2d 563] —Peters, J. Proceedings pursuant to CPLR article 78 (transferred to this Court by orders of the Supreme Court, entered in St. Lawrence County) to review two determinations of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Gouverneur Correctional Facility in St. Lawrence County, was served with two misbehavior reports in December 1999. Following tier III disciplinary hearings, he was found guilty of having unauthorized organizational materials, conspiring to introduce controlled substances into the facility, and use of a controlled substance. Within the four-month period allowed for judicial review of each determination (CPLR 217), two separate CPLR article 78 proceedings were commenced; they have been joined for our review.

Despite the proposed orders to show cause drafted by petitioner which sought to effectuate service upon both the Attorney General and respondent, the Superintendent of Gouverneur Correctional Facility, Supreme Court issued its own order to show cause which directed that service be effectuated by directing the Clerk of the Court to mail a copy of the order to show cause, together with the accompanying papers, only to the Attorney General. In both answers, the Attorney General raised objections in point of law (*see*, CPLR 7804 [f]) to this method of service, asserting a lack of personal jurisdiction. In both instances, Supreme Court dismissed the objection and transferred the matters to this Court.

Supreme Court erred in dismissing these objections. CPLR 7804 (c) provides that where such proceeding is commenced against a State body or officer, "in addition to the service * * * provided in this section, the order to show cause or notice of petition must be served upon the [A]ttorney[-G]eneral"; the statute does not authorize service to be made upon the Attorney General in lieu of service upon an adverse party. Indeed, service of papers only upon the Attorney General has been found insufficient to confer personal jurisdiction over a State official named as a respondent in a CPLR article 78 proceeding (*see, Matter of Schachter v Sobol*, 213 AD2d 551, 552; *Matter of Town of Clarkstown v Howe*, 206 AD2d 377, 377; *Matter of Russo v New York State Dept. of Motor Vehicles*, 181 AD2d 774, 775). Unlike *Gibson v Salvatore* (102 AD2d 861), where a plaintiff's unsuccessful prior attempts to effectuate proper service prompted an application for an order permitting an alternative form of service pursuant to CPLR 308 (5) (*see also, Silverman v St. Vincent's Hosp. & Med. Ctr.*, 197 AD2d 459; *Matter of Kelly v Scully*, 152 AD2d 698), or *Matter of Hoyer v Coughlin* (179 AD2d 921), where there were allegations that "imprisonment present[ed] obstacles to service that [were] beyond [the] inmate's power to control" (*id.*, at 921; *see, Matter of Boomer v Walker*, 242 AD2d 801, 801-802), the instant matter presented no such obstacles to petitioner. In our view, no viable reason has been proffered to support the court's application of a different rule for service simply because the adverse party, a State official, is the Superintendent of a State correctional facility.*

Since there is no issue that the proceedings were timely commenced (*see*, CPLR 1101 [f]; *Matter of Grant v Senkowski*, 95 NY2d 605, 609) and petitioner, as the party who initiated the proceedings, should have been directed to serve both respondent and the Attorney General, Supreme Court's mistake and petitioner's faithful compliance does not require our dismissal (*see, Matter of Grassia v Tracy*, 232 AD2d 930, 931); rather, the facts mandate our correction (*see*, CPLR 2001) by the exercise of our interest of justice jurisdiction.

Upon such authority, we hereby remit these matters to Supreme Court for execution of petitioner's originally filed

---

* We note the specific rejection by the Court of Appeals of a "mailbox rule" whereby proceedings by *pro se* prisoners would be deemed commenced, for Statute of Limitations purposes, when a verified CPLR article 78 petition is delivered to prison authorities or placed in the prison mail system prior to the expiration of the statutory period (*Matter of Grant v Senkowski*, 95 NY2d 605).

proposed orders to show cause which provided for proper service (*see*, CPLR 7804 [c]) and direct that the time for service of the papers be extended to a new date designated by the court (*see*, CPLR 306-b) upon remittal.

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the orders of transfer are reversed, without costs, and matters remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.