■ In the Matter of LEONARD STANDIFER, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [727 NYS2d 823] —Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review two determinations of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

This CPLR article 78 proceeding challenges the March 1, 2000 and May 4, 2000 final determinations of respondent Commissioner of Correctional Services in two separate prison disciplinary proceedings. This proceeding was commenced by petitioner's filing of an unsigned order to show cause and petition in the St. Lawrence County Clerk's office on July 7, 2000 (*see,* CPLR 304), together with his application for poor person status (*see,* CPLR 1101 [f]; *Matter of Grant v Senkowski,* 95 NY2d 605). Petitioner's proposed order to show cause provided for service upon respondents and the Attorney General, however, Supreme Court issued its own order to show cause, requiring service only upon the Attorney General. Respondents raised an objection in point of law (*see,* CPLR 7804 [f]) to this method of service, claiming lack of personal jurisdiction. Supreme Court dismissed the objection and transferred the proceeding to this Court (*see,* CPLR 7804 [g]).

Service of process on the Attorney General alone is insufficient to confer personal jurisdiction over respondents (*see, Matter of Schacter v Sobol,* 213 AD2d 551, 552; *Matter of Town of Clarkstown v Howe,* 206 AD2d 377; *Matter of Russo v New York State Dept. of Motor Vehicles,* 181 AD2d 774, 775; *Matter of Quogue Assocs. v New York State Dept. of Envtl. Conserva-*

*tion*, 112 AD2d 999, 1000, *lv denied* 67 NY2d 604). However, insofar as this proceeding challenges both determinations, it was properly commenced by the filing of the petition and unsigned order to show cause with the Court Clerk on July 7, 2000 (*see,* CPLR 217, 304, 1101 [f]; *Matter of Grant v Senkowski, supra,* at 609; *Matter of Thompson v Selsky,* 283 AD2d 752). The fact that service was not properly or timely effected results from Supreme Court's mistake and through no fault of petitioner. Accordingly, Supreme Court's mistake is hereby corrected (*see,* CPLR 2001), in the interest of justice, by remitting this matter to Supreme Court for execution of petitioner's filed, unsigned proposed order to show cause which provided for proper service (*see,* CPLR 7804 [c]). We also direct that the time for service of the papers be extended to the date determined by Supreme Court and inserted in the order to show cause (*see,* CPLR 306-b).

Mercure, J. P., Peters, Spain and Rose, JJ., concur. Adjudged that the order of transfer is reversed, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.