■ In the Matter of LARRY STEPHENS, Respondent, v NEW YORK STATE EXECUTIVE BOARD OF PAROLE APPEALS UNIT et al., Appellants. [746 NYS2d 109] —Spain, J.

As a result of a 1987 conviction following a jury trial, petitioner is serving concurrent indeterminate prison terms of 8¹/₃ to 25 years for two counts of robbery in the first degree, 5 to 15 years for assault in the first degree and 5 to 15 years for

criminal possession of a weapon in the second degree. In 1988, petitioner was sentenced to a prison term of 1 to 3 years for a conviction upon his plea of guilty to reckless endangerment in the first degree, to run concurrently with his 1987 sentence. In October 2000, after four previous unsuccessful appearances before respondent Board of Parole (hereinafter the Board), petitioner applied for parole and was denied. On administrative appeal, the Board's determination denying petitioner's application was affirmed.

Thereafter, petitioner timely commenced this CPLR article 78 proceeding by order to show cause, challenging the denial of his application for parole. His proposed order to show cause required service of the pleadings by regular mail upon both respondents and the Attorney General's office (see, CPLR 7804 [c]). Supreme Court nevertheless issued its own order to show cause, directing that service be accomplished by the Clerk of the Court by mailing the papers only to the Attorney General's office and that "such will be deemed sufficient service on both the respondents and the Attorney General." Service was performed accordingly. In their answer, respondents asserted lack of personal jurisdiction as a defense, arguing that service upon the Attorney General is insufficient to confer jurisdiction over respondents. Supreme Court held that service was proper and then partially granted petitioner's application by vacating respondents' determination and ordering the matter remanded for a de novo hearing on petitioner's application for release to parole supervision. Respondents appeal.

Turning first, necessarily, to the threshold matter of whether Supreme Court had personal jurisdiction over respondents, we hold that this case is indistinguishable in any significant detail from the facts in *Matter of Taylor v Poole* (285 AD2d 769). In that case, despite orders drafted by the petitioner which sought to effectuate service both on the respondent and the Attorney General, Supreme Court instead issued an order directing the Clerk of the Court to mail a copy of the order to show cause and accompanying papers only to the Attorney General. This Court found the manner of service to be improper and remitted the matter to Supreme Court for execution of petitioner's originally filed proposed orders to show cause (*id.* at 770-771; *see, Matter of Van Bramer v Selsky*, 293 AD2d 901; *Matter of Standifer v Goord*, 285 AD2d 912). Petitioner's attempt to distinguish *Taylor* on the premise that Supreme Court's order in this case specifically stated that service would be deemed sufficient on respondents is unavailing. We held in *Taylor* that the clear statutory directive that service be made on the At-

torney General "in addition to"—rather than in lieu of—service upon the adverse party (*see*, CPLR 7804 [c]; *see also*, *Matter of Schachter v Sobol*, 213 AD2d 551, 552-553) cannot be circumvented—even by court order—where, as here, no showing has been made of circumstances or obstacles confronting petitioner justifying an alternative form of service (*Matter of Taylor v Poole*, *supra* at 770; *cf.*, *Matter of Lowrance v Coughlin*, 190 AD2d 915; *Matter of Jarvis v Coughlin*, 88 AD2d 1041). The defect, therefore, is one of substance and cannot be cured simply by adding language in the order to show cause specifically deeming service effective upon respondents.

As personal jurisdiction was never acquired over respondents, Supreme Court's judgment cannot stand. However, where service is improper the court "upon good cause shown or in the interest of justice" may extend the time for service rather than dismiss the proceeding (CPLR 306-b). Inasmuch as petitioner should not be penalized for his reliance on Supreme Court's order, we find good cause and, therefore, remit the matter to Supreme Court for execution of an order to show cause which provides for proper service and extends the time of service to a new date designated by the court.

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.