■ Guy Baker et al., Respondents, v Board of Education, Hoosick Falls Central School District, et al., Appellants. [770 NYS2d 782]—

Carpinello, J. Appeal from an order of the Supreme Court (Canfield, J.), entered November 19, 2002 in Rensselaer County, which denied defendants' motions to dismiss the complaint.

Plaintiffs are 11 former teachers employed by the Hoosick Falls Central School District who retired either at the end of the 1999-2000 school year or in the middle of the 2000-2001 school year. At the time of their retirement, no contract was in place between defendant Board of Education of the Hoosick Falls

Central School District (hereinafter Board) and plaintiffs' bargaining unit, defendant Hoosick Falls Central School Teachers Association (hereinafter Association), although negotiations were underway. A collective bargaining agreement (hereinafter CBA) was eventually reached in May 2001 covering the 1999-2000, 2000-2001, 2001-2002 and 2002-2003 school years. This CBA included a new salary schedule reflecting 5% raises retroactive to July 1999, but a separate agreement between the Association and the Board provided that the retroactive salary increases would be paid only to current employees.

After plaintiffs learned that lump-sum retroactive salary payments had been mailed to current employees, they requested that the Board make similar payments to them for their years of active employment. The Board refused to do so, telling plaintiffs that their own Association had rejected its offer to have the retroactive salary schedule apply to retirees. Plaintiffs then commenced a grievance process to enforce the salary schedule as provided in the CBA, but the Association, without conceding a duty to represent plaintiffs, rejected their request to bring a formal grievance.

Plaintiffs thereafter commenced this action against the Association, the Board and defendant Superintendent of the Hoosick Falls Central School District contending, among other things, that the Association had breached its duty of fair representation by failing to represent them in the CBA negotiations over the retroactive salary increases and by refusing to process their grievance. Defendants moved to dismiss the complaint as time barred, for lack of standing and for failure to state a cause of action against the Association. Supreme Court denied the motions, prompting these appeals.

As an initial matter, we agree with Supreme Court that plaintiffs commenced this action within the applicable four-month statute of limitations (see CPLR 217 [2]; see also Matter of Taylor v Poole, 285 AD2d 769, 769 [2001]). Although defendants allege that plaintiff Mike Baratto had actual knowledge that retirees were excluded from the retroactive salary increases more than four months before commencement of the action, and that this knowledge could be imputed to the remaining plaintiffs, their offer of proof on this issue amounts to no more than supposition. Accordingly, defendants have failed to make the required showing that this action was time-barred (see Matter of Quantum Health Resources v DeBuono, 273 AD2d 730, 732 [2000], lv dismissed 95 NY2d 927 [2000]; Siegel v Wank, 183 AD2d 158, 159 [1992]).

Turning to the issue of standing, defendants contend that

plaintiffs do not have standing to bring a claim for breach of a union's duty of fair representation because, as retirees, they are no longer "public employees" and, thus, are no longer owed a duty of fair representation. The long-established test for standing is whether a party has suffered "an injury in fact that falls within his or her zone of interest" (*Silver v Pataki,* 96 NY2d 532, 539 [2001]; *see Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 772-775 [1991]). Here, plaintiffs have alleged an injury-in-fact, namely, their exclusion from the retroactive pay raises, that clearly falls within their zones of interest and, thus, have the requisite standing.

The question remains as to whether the Association, as a public employee organization, owed plaintiffs a duty of fair representation. In this case, the Association clearly had a duty to represent plaintiffs and all other active employees when negotiations commenced on the new contract with the Board. The more precise question is whether the union continued to owe plaintiffs a duty to fairly represent them in contract negotiations after they retired given that the terms of the new contract would apply retroactively to years when plaintiffs were actively employed.

In general, a union does not have a duty to represent its former members in contract negotiations because, among other things, retirees typically do not have the same interests as active employees. As the United States Supreme Court has concluded, retirees "plainly do not share a community of interests broad enough to justify inclusion of [them] in [a] bargaining unit" because retirees do not have an interest in "wage rates, hours, working conditions, and all other terms of active employment" (*Allied Chem. & Alkali Workers v Pittsburgh Glass,* 404 US 157, 173 [1971]). Here, however, there was a "mutuality of interest" (*id.* at 172) between plaintiffs and the Association's active members in that the subjects of collective bargaining included salary schedules and other conditions of active employment that were to be retroactively applied for the first two years of the CBA.

Defendants urge us to find that the Association did not owe a duty to plaintiffs because they were no longer public employees when the CBA was ratified. Based upon the definition of "public employee" as "any person holding a position by appointment or employment in the service of a public employer" (Civil Service Law § 201 [7] [a]), amicus Public Employment Relations Board (hereinafter PERB) has held that a former public employee is no longer a member of the bargaining unit represented by his or her employee organization and, thus, the employee organiza-

tion no longer owes the former employee a duty of fair representation (*see Matter of Thomas [Bellmore-Merrick United Secondary Teachers—Bellmore-Merrick Cent. High School Dist.]*, 32 PERB ¶ 4638, at 4983 [1999]; *Matter of Bartolini [Westchester County Correction Officers' Benevolent Assn.]*, 30 PERB ¶ 3075, at 3184 [1997]; *Matter of Lanzillo v State of N.Y. Pub. Empl. Relations Bd.*, 29 PERB ¶ 7003, at 7006 [1996]). However, PERB has nonetheless recognized that an employee organization may have a continuing duty to represent former employees "in circumstances in which the severance from employment is being contested or there is some other basis upon which to conclude that there is a continuing nexus to employment" (*Matter of Bartolini [Westchester County Correction Officers' Benevolent Assn.], supra* at 3184; *see Matter of Heady [County of Dutchess— Dutchess County Deputy Sheriffs' PBA]*, 31 PERB ¶ 3068, at 3151 [1998]). In our view, there is a continuing nexus between a retiree's former employment and negotiations over terms and conditions that will be retroactively applied to those periods of active employment. We conclude, therefore, that the Association had a continuing duty to represent plaintiffs in negotiations for the new retroactive CBA.

As to whether plaintiffs have stated a cause of action for breach of this duty, they were required to plead facts establishing that the Association's actions in failing to represent them were arbitrary, discriminatory or in bad faith (*see Matter of Higgins v La Paglia*, 281 AD2d 679, 681 [2001], *appeal dismissed* 96 NY2d 854 [2001]; *Kleinmann v Bach*, 195 AD2d 736, 738 [1993]). Defendants maintain that plaintiffs have failed to make this required showing because the mere fact that it distinguished between current and former employees was permissible (*see Steele v Louisville & Nashville R.R.*, 323 US 192, 201-203 [1944]; *Matter of Civil Serv. Bar Assn., Local 237, Intl. Bhd. of Teamsters v City of New York*, 64 NY2d 188, 197 [1984]) and, thus, neither arbitrary nor discriminatory. In this case, however, the Association did not endeavor to balance the rights of these two classes of employees; it quite simply failed to represent plaintiffs at all. In our view, this total lack of representation is sufficient to state a cause of action for breach of the Association's duty of fair representation.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.