■ In the Matter of S&S GROCERY OF NY Corp., Respondent, v ANTONIA C. NOVELLO, as Commissioner of Health of the State of New York, Appellant. [783 NYS2d 854]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of Health of the State of New York dated May 2, 2003, affirming a determination of an Administrative Law Judge, which, after a hearing, found that the petitioner had violated 10 NYCRR 60-1.8 (a) (2) (charge No. 3) and specified portions of its vendor's contract regarding the Special Supplemental Food Program for Women, Infants, and Children (charge Nos. 2 and 4), and imposed a penalty, the appeal is from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Ruchelsman, J.), dated July 7, 2003, as, upon transferring the matter to this Court for resolution of the issue of whether charge No. 3 is supported by substantial evidence, granted the petition to the extent of annulling so much of the determination as sustained charge Nos. 2 and 4 on the ground that the determination was arbitrary and capricious.

Ordered that the appeal is dismissed, and the order and judgment is vacated; and it is further,

Adjudged that the proceeding is dismissed, with prejudice; and it is further,

Ordered that one bill of costs is awarded to the Commissioner of Health of the State of New York.

Since the petition raises only substantial evidence questions, and the remaining point raised by the Commissioner of Health of the State of New York (hereinafter the Commissioner), while an objection that could have terminated the proceeding within the meaning of CPLR 7804 (g), was not ruled on by the Supreme Court, we vacate the judgment in its entirety, and rule on the defense raised by the Commissioner de novo (see Matter of Sureway Towing, Inc. v Martinez, 8 AD3d 490 [2004]; Matter of Stein v County of Rockland, 259 AD2d 552 [1999]).

The order to show cause commencing this proceeding directed the petitioner to serve both the Commissioner and the Attorney General, consistent with the requirements of CPLR 7804 (c). The petitioner, however, failed to serve the Commissioner. Accordingly, personal jurisdiction has not been acquired over him, requiring dismissal of the proceeding (see Matter of Schachter v Sobol, 213 AD2d 551 [1995]; Matter of Town of Clarkstown v Howe, 206 AD2d 377 [1994]). S. Miller, J.P., Schmidt, Mastro and Fisher, JJ., concur.