■ In the Matter of EMILIO CONCIATORI et al., Appellants, v OFFICE OF SECRETARY OF STATE et al., Respondents. (Proceeding No. 1.) In the Matter of EMILIO CONCIATORI et al., Appellants, v OFFICE OF SECRETARY OF STATE et al., Respondents. (Proceeding No. 2.) [790 NYS2d 47]—In two related proceedings pursuant to CPLR article 78 to review a determination of the respondent New York State Department of State dated May 13, 2003, modifying the determination of an Administrative Law Judge

dated April 23, 2002, which, after a hearing, dismissed an administrative complaint against the petitioners, by reinstating certain charges that the petitioners demonstrated untrustworthiness and incompetency to act, respectively, as a real estate broker and as a real estate salesperson, and upon reinstating the charges, sustained those charges and suspended the licenses of the petitioners for a period of four months, the petitioners appeal from (1) a judgment of the Supreme Court, Westchester County (Adler, J.), entered November 25, 2003, which dismissed proceeding No. 1 based upon lack of personal jurisdiction, and (2) an order and judgment (one paper) of the same court entered March 4, 2004, which denied the motion of the petitioners in proceeding No. 2 pursuant to CPLR 306-b for an extension of time to serve the notice of petition and petition, and dismissed proceeding No. 2 as time-barred.

Ordered that the judgment and the order and judgment are affirmed, with one bill of costs.

The Supreme Court correctly dismissed proceeding No. 1, since the petitioners failed to serve the respondents with their notice of petition and petition (*see* CPLR 307 [2]; 7804 [c]). The petitioners served those papers only on an Assistant Attorney General of the State of New York. However, the Attorney General was not a party to the proceeding, but rather the prospective attorney for the respondents (*see Matter of Russo v New York State Dept. of Motor Vehs.*, 181 AD2d 774 [1992]; *Matter of Quogue Assoc. v New York State Dept. of Envtl. Conservation*, 112 AD2d 999).

In proceeding No. 2, the Supreme Court correctly denied the petitioners' motion pursuant to CPLR 306-b for an extension of time to serve the notice of petition and petition, and properly dismissed that proceeding as time-barred (*see Hambric v McHugh*, 289 AD2d 290 [2001]). H. Miller, J.P., Crane, Spolzino and Skelos, JJ., concur.