In the Matter of CHRISTOPHER BROWNE, Petitioner, v COUNTY OF DUTCHESS et al., Respondents. [791 NYS2d 603]—

Proceeding pursuant to CPLR article 78, inter alia, to review so much of a determination of the respondent Adrian H. Anderson, as Sheriff of the County of Dutchess, dated February 19, 2003, as found the petitioner guilty of misconduct under Charge I, specifications 1, 2, 3, 4, and 6, and terminated the petitioner's employment.

Adjudged that the branch of the petition which is, in effect, to vacate so much of the determination as found the petitioner guilty of misconduct under Charge I, specifications 1, 2, 3, 4, and 6, and terminated the petitioner's employment, is granted, on the law, without costs, those portions of the determination are annulled, the matter is remitted to the respondent Adrian H. Anderson, as Sheriff of the County of Dutchess, for a hearing at which the evidence of recantation by the principal witness against the petitioner shall be received, for a new determination thereafter, and for such other appropriate action as may be warranted in view of the allegations of misconduct set forth herein, and the petition is otherwise denied; such hearing shall be scheduled and conducted promptly.

Although the Supreme Court's transfer of this proceeding to this Court was not proper (*see* CPLR 7804 [g]; *Ferguson v Meehan,* 141 AD2d 604 [1988]; *Matter of Curry v Blum,* 73 AD2d 965 [1980]), now that it is before this Court, the respondents having raised no objection on the basis of improper transfer,

and in the interest of judicial economy, the petition will be considered (*see Matter of Russo v New York State Dept. of Motor Vehs.*, 181 AD2d 774 [1992]).

Here, as in *Matter of Boone v Ristich* (48 AD2d 833 [1975]), the hearing officer's recommendation rested heavily on the testimony of an inmate of the Dutchess County Jail with whom the petitioner is alleged to have had an inappropriate, improper relationship, including sexual contact. Following the issuance of the Hearing Officer's determination on February 19, 2003, the inmate signed two sworn statements, dated February 27, 2003, and March 4, 2003, respectively, recanting certain portions of her testimony as adduced at the hearing held pursuant to Civil Service Law § 75 on December 13, 2002. At the initial hearing, the inmate claimed that the petitioner touched her sexually more than three times. However, in her recantation statements the inmate denied, inter alia, that any sexual activity with the petitioner transpired. She further stated that she had lied in her testimony at the hearing and was induced to do so by a representation by another County officer that, in exchange for testifying against the petitioner, she would obtain an early release from jail.

As we observed in *Matter of Boone v Ristich (supra* at 834), "under the circumstances presented, the petitioner should be afforded the opportunity to introduce the evidence concerning alleged inconsistencies by the witness in her representation of the facts." Such conclusion is further compelled by the conceded facts that the petitioner was never disciplined prior to the incidents and proceedings in question herein, that he received multiple commendations for exemplary service, and that he never received a negative performance evaluation. Prudenti, P.J., H. Miller, Spolzino and Lifson, JJ., concur.