In the Matter of WENDYLL JONES, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [813 NYS2d 684]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for cannabinoids. He was found guilty of the charge following a tier III disciplinary hearing. The determination was affirmed on administrative appeal, but the penalty was modified. This CPLR article 78 proceeding ensued. Supreme Court denied respondent's motion to dismiss for lack of personal jurisdiction, finding that petitioner's failure to timely effectuate service of the papers referenced in the order to show cause was excusable because it was due to factors related to his imprisonment. After service of respondent's answer, the proceeding was transferred to this Court.

We agree with respondent that petitioner's failure to effect service in accordance with the provisions of the order to show cause requires dismissal of the petition. The order to show cause

provided that petitioner was to serve the order, petition, exhibits and supporting affidavits by first class mail "upon each named respondent and upon the Attorney General" on or before May 28, 2004. Notwithstanding the lack of timely service upon the Attorney General, there is no proof that respondent was ever served with the necessary papers. Given this fatal defect (*see Matter of Standifer v Goord*, 285 AD2d 912, 912 [2001]; *Matter of Taylor v Poole*, 285 AD2d 769, 770 [2001]), the petition should have been dismissed.

Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Adjudged that respondent's motion to dismiss is granted, without costs, and petition dismissed.