■ In the Matter of JOHN THURSTON, Appellant, v PAUL AN-NETTS et al., Respondents. [829 NYS2d 709]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Correctional Services Inmate Grievance Program Central Office Review Committee dated December 15, 2004, which, after a hearing, affirmed a determination of the Superintendent of the New York State Department of Correctional Services Inmate Grievance Program dated October 15, 2004 finding the petitioner was not entitled to jail-time credit for time served on an undischarged

sentence, the petitioner appeals from an amended order and judgment (one paper) of the Supreme Court, Dutchess County (Forman, J.), dated January 3, 2006, which, in effect, granted the respondents' motion to dismiss the proceeding for lack of personal jurisdiction and dismissed the proceeding.

Ordered that the amended order and judgment is affirmed, with costs.

The Supreme Court properly granted the respondents' motion to dismiss the proceeding for lack of personal jurisdiction. Contrary to the petitioner's contention, the order to show cause issued by the court upon the commencement of this proceeding directed him to serve both the respondents and the Attorney General, in accordance with the requirements of CPLR 7804 (c). Since it is undisputed that the petitioner effected service only upon the Attorney General, personal jurisdiction over the respondents was not acquired (*see Matter of Conciatori v Office of Secretary of State,* 15 AD3d 397, 398 [2005]; *Matter of S&S Grocery of NY Corp. v Novello,* 12 AD3d 448, 449 [2004]; *Matter of Schachter v Sobol,* 213 AD2d 551, 552 [1995]; *Matter of Town of Clarkstown v Howe,* 206 AD2d 377 [1994]).

Furthermore, the petitioner failed to demonstrate that he should have been given an extension of time to effect service pursuant to CPLR 306-b for good cause shown or in the interest of justice (*see Leader v Maroney, Ponzini & Spencer,* 97 NY2d 95, 105, 106 [2001]; *Matter of Saltzman v Board of Appeals of Vil. of Roslyn,* 26 AD3d 505, 505-506 [2006]; *Matter of DeSilva v Town of Brookhaven,* 299 AD2d 409 [2002]). Schmidt, J.P., Crane, Fisher and Dickerson, JJ., concur.