# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**668**

**CA 11-02021**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE ARBITRATION BETWEEN
CITY OF BUFFALO, PETITIONER-APPELLANT,

AND                                           MEMORANDUM AND ORDER

BUFFALO PROFESSIONAL FIREFIGHTERS ASSOCIATION,
IAFF LOCAL 282, RESPONDENT-RESPONDENT.

---

HODGSON RUSS LLP, BUFFALO (JOSHUA FEINSTEIN OF COUNSEL), FOR
PETITIONER-APPELLANT.

CREIGHTON, JOHNSEN & GIROUX, BUFFALO (JONATHAN G. JOHNSEN OF COUNSEL),
FOR RESPONDENT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered June 16, 2011 in a proceeding pursuant to CPLR article 75. The order denied the petition to modify an arbitration award.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner (hereafter, City) appeals from an order denying its petition to modify an arbitration award in favor of respondent. On July 1, 2004, the City modified the health insurance plan provided to members of unions such as respondent that represent City employees. The unions, including respondent, filed a grievance with respect to the modified plan, alleging that the modified plan violated the parties' collective bargaining agreement (CBA). In 2008, an arbitrator issued an award finding that the City's actions violated the CBA and awarded relief to both active members and retired former members of respondent. The City filed the instant petition seeking to vacate the award to the extent that it granted relief to the retirees.

Contrary to the City's contention, the arbitrator did not exceed his authority in fashioning an award that granted relief to the retirees. The issue whether respondent had standing to represent retired employees was for the arbitrator to determine (*see generally Matter of City of Ithaca [Ithaca Paid Fire Fighters Assn., IAFF, Local 737]*, 29 AD3d 1129, 1130-1131; *City of Buffalo v A.F.S.C.M.E. Council 35, Local 264*, 107 AD2d 1049, 1049-1050), and the record is devoid of any evidence that the elimination of health insurance options did not affect the retirees such that respondent would lack standing to represent them. Thus, the City failed to demonstrate that the

arbitrator exceeded his authority (*see Matter of City of Elmira [Elmira Professional Firefighter's Assn., AFL-CIO, I.A.F.F.-Local 709]*, 34 AD3d 1075, 1077; *see also Baker v Board of Educ., Hoosick Falls Cent. School Dist.*, 3 AD3d 678, 680-681).

The City further contends that the arbitration award was "indefinite" because the arbitrator granted its request to delay implementation of the award until a related police union case completed the appeal process and thus was finalized.  We reject that contention.  "An award is subject to vacatur as indefinite or nonfinal 'only if it leaves the parties unable to determine their rights or obligations, if it does not resolve the controversy submitted, or if it creates a new controversy' " (*Matter of Board of Educ. of Amityville Union Free School Dist. v Amityville Teacher's Assn.*, 62 AD3d 992, 993), and that is not the case here.

Entered:  June 8, 2012                          Frances E. Cafarell
                                                Clerk of the Court