Determination of respondent Police Commissioner, dated October 27, 2009, terminating petitioner from his position as a New York City police officer, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Lucy Billings, J.], entered Aug. 12, 2010), dismissed, without costs.
Substantial evidence supports the determination that petitioner failed to take lawful police action against an individual who was driving without a license, in exchange for that individual agreeing to provide a benefit to petitioner (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]). Crediting the testimony of respondent’s *503 witnesses, including the driver who did not receive a summons, and considering the documentary evidence of subsequent phone calls between petitioner and the two individuals who were in the car, the record supports the finding that the failure to take lawful action was in exchange for said individuals installing sheetrock at petitioner’s home (see Matter of Collins v Codd, 38 NY2d 269, 270 [1976]). Contrary to petitioner’s contention, the subject charges were “reasonably specific, in light of all the relevant circumstances, to apprise [him] of the charges against him . . . and to allow for the preparation of an adequate defense” (Matter of Block v Ambach, 73 NY2d 323, 333 [1989]).
In September 2011, almost two years after respondent had made its decision terminating petitioner’s employment, and the instant petition challenging respondent’s determination was already filed with the court, one of the two main witnesses relied upon by the hearing officer in reaching his conclusion recanted his testimony. After investigation, in 2013, respondent rejected petitioner’s request for a new hearing based upon the recantation. Respondent’s 2013 decision to deny petitioner’s request for a new hearing based on this new evidence cannot be reviewed by the court in this proceeding. It requires, instead, a separately brought petition (see Matter of Douglaston Civic Assn. v Galvin, 36 NY2d 1 [1974]). The subsequent recantation raised issues that were addressed by respondent, following consideration of the submissions by petitioner and review of all the evidence. Under the circumstances, including the sufficiency of the other evidence, the witness’s recantation did not warrant a further hearing (compare Matter of Browne v County of Dutchess, 16 AD3d 495 [2d Dept 2005]).
The penalty of termination does not shock our sense of fairness (see Matter of Kelly v Safir, 96 NY2d 32, 39 [2001]).
Concur — Sweeny, J.E, Renwick, Moskowitz, Richter and Gische, JJ.